[Cite as *State v. Harvey*, 2024-Ohio-702.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

LC DESHAWN HARVEY,

        Defendant-Appellant.

CASE NO. 2023-T-0046

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 00418

**O P I N I O N**

Decided: February 26, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, Stow, OH 44224 (For Defendant-Appellant)

ROBERT J. PATTON, J.

{¶1} Appellant, LC Deshawn Harvey, appeals the judgment of the Trumbull County Court of Common Pleas, sentencing him to two concurrent twelve-month terms of imprisonment following his plea to possession of cocaine and attempted tampering of evidence. For the following reasons, we affirm.

{¶2} On June 28, 2022, the Trumbull County Grand Jury indicted appellant charging him with possession of cocaine, a fourth degree felony with a specification of forfeiture, pursuant to R.C. 2925.11(A)(C)(4)(b), R.C. 2941.1417(A), R.C. 2981.02(A)(1)(b) and/or (c)(i), and R.C. 2981.04 ("Count 1"), and tampering with

evidence, a third degree felony, in violation of R.C. 2921.12(A)(1)(B).[1] Appellant pled not guilty on June 28, 2022, and bond was set at $100,000 cash or surety.

{¶3}    On March 27, 2023, appellant appeared with counsel, waived his rights, and entered a guilty plea to an amended indictment of possession of cocaine, a fourth-degree felony with specification of forfeiture and attempted tampering with evidence, a fourth-degree felony. A presentence investigation ("PSI") was ordered. The trial court also ordered appellant to forfeit $606.00 of U.S. currency.

{¶4}    On June 5, 2023, the trial court sentenced appellant to twelve-month prison terms on each count and ordered the terms to be served concurrently.

{¶5}    During the sentencing hearing, the trial court noted that appellant's criminal history was "horrible," that he had an extensive criminal record in multiple states, had served two prior prison terms, and had 14 active warrants out of at least seven different jurisdictions. The trial court also noted that appellant had another drug case pending before another judge of the court and since the inception of the case, had seven new charges. The trial court concluded that appellant was "not amenable to any available community control and a prison sentence is consistent with the purposes and principles of sentencing." These findings are also reiterated in the sentencing entry.

{¶6}    Appellant appeals and raises the following assignment of error: "[t]he trial court erred by sentencing appellant to two terms of incarceration as the record does not support such a sentence." Specifically, appellant asserts in his merit brief that "the record

---

1.This matter was originally filed in the Niles Municipal Court in Case No. 2022CRA267 and bound over to the Trumbull County Court of Common Pleas on June 2, 2022.

2

evidence in this matter clearly and convincingly indicates that the Trial Court should have imposed a Community Control sanction." We disagree.

{¶7} We review felony sentencing pursuant to R.C. 2953.08(G)(2), which provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a)     That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b)     That the sentence is otherwise contrary to law.

{¶8} The Supreme Court of Ohio has held that while "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 28. "R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *Id.* at ¶ 39. *See also State v. Reed*, 11th Dist. Ashtabula No. 2022-A-0082, 2023-Ohio-1324, ¶ 13.

3

{¶9} Appellant asserts that the "standard for felony sentencing essentially amounts to no review at all, assuming a trial court stays within whatever sentencing range is established by statute." This Court has previously viewed such claim "as a challenge to the constitutionality of R.C. 2953.08(G)(2)(a) or Ohio's high court ruling in *Jones*." *Reed* at ¶ 14. In response to that argument, this Court agreed with Justice Fischer's concurring opinion in *Jones*, which noted:

> There is also no reason to believe that a trial court's consideration under R.C. 2929.11 and 2929.12 is wholly unreviewable. First, although, as the majority opinion explains, R.C. 2929.11 and 2929.12 do not require a trial court to make any specific findings on the record, those statutes are not optional. Both statutes use the term "shall" multiple times in relation to other matters. For example, R.C. 2929.11(A) and 2929.12(A) through (F) set forth matters that a sentencing court "shall consider," and R.C. 2929.11(A) provides that the trial court "shall be guided by" the three overriding purposes of felony sentencing. R.C. 2929.11(B) further states that the sentence imposed by the trial court "shall" meet certain specific criteria. * * * Second, R.C. 2953.08(G)(2) expressly requires an appellate court to "review the record, including the findings underlying the sentence." The breadth of this statutory provision necessarily means that if a trial court does make findings under R.C. 2929.11 and 2929.12, the appellate court may review those findings for certain limited purposes. Third, R.C. 2953.08(G)(2)(b) provides that an appellate court can modify or vacate a sentence on the ground that it is "otherwise contrary to law." This court's holding today specifies what an appellate court may not do under this provision: it may not conduct an independent review of whether the record supports the sentence and substitute its own judgment regarding the appropriate sentence.

*Jones, supra*, at ¶ 46.

{¶10} The trial court, when imposing its sentence, considered "the record, oral statements, the pre-sentence investigation report, and any victim impact statements, as well as the principles and purposes of sentencing under R.C. 2929.11 and has balanced

4

the seriousness and recidivism factors of R.C. 2929.12." The trial court noted appellant's prior prison sentences, his extensive criminal history, his prior failed attempts on community control sanctions, his numerous aliases, his multiple active warrants in several jurisdictions, and his lack of remorse.

{¶11} Like in *Reed*, there is nothing to support appellant's contention that his sentence is contrary to law. Appellant's argument essentially asks this Court to review whether the record supported the trial court's decision to impose a prison term rather than a community control sanction, which this Court is not permitted to do. *Jones*, 163 Ohio St.3d 242, at ¶ 39. Appellant's sentence is consistent with the law, and the trial court complied with the statutory requirements when imposing its sentence. Thus, appellant's sole assignment of error is without merit.

{¶12} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.