[Cite as *State v. Parks*, 2024-Ohio-1650.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-T-0102 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| SAY'QUAN PARKS, | |
| Defendant-Appellant. | Trial Court No. 2023 CR 00452 |

**O P I N I O N**

Decided: April 29, 2024
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Christopher P. Lacich,* Roth Blair Roberts Strasfield & Lodge, 100 East Federal Street, Suite 600, Youngstown, OH 44503 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, Say'Quan Parks, appeals the sentences imposed by the Trumbull County Court of Common Pleas on his convictions of two counts of Improperly Discharging a Firearm at or into a Habitation, second-degree felonies, with firearm specifications, five counts of Felonious Assault, second-degree felonies, with firearm specifications, and Improperly Handling Firearms in a Motor Vehicle, a fourth-degree felony. For the following reasons, we affirm.

{¶2} On August 3, 2024, the Trumbull County Grand Jury returned a ten-count indictment charging appellant with two counts of Improperly Discharging a Firearm at or

into a Habitation, second-degree felonies, with firearm specifications, in violation of R.C. 2923.161(A)(1)&(C) and R.C. 2941.145 (Counts 1 and 7); seven counts of Felonious Assault, second-degree felonies, with firearm specifications, in violation of R.C. 2903.11(A)(2) and (D)(1)(a) and R.C. 2941.145 (Counts 2, 3, 4, 5, 6, 8, and 9); and Improperly Handling Firearms in a Motor Vehicle, a fourth-degree felony, in violation of R.C. 2923.16(A) and (I) (Count 10).[1] Appellant pleaded not guilty to the charges at arraignment. No bond was set.

{¶3} On October 26, 2023, appellant appeared with counsel, waived his rights, and entered guilty pleas to two counts of Improperly Discharging a Firearm at or into a Habitation, second-degree felonies, with firearm specifications, five counts of Felonious Assault, second-degree felonies, with firearm specifications, and Improperly Handling Firearms in a Motor Vehicle, a fourth-degree felony, Counts 1, 2, 3, 6, 7, 8, 9, and 10.

{¶4} The State provided the following factual basis:

> On or about [June 18, 2023] * * *, in Trumbull County and State of Ohio, this defendant did fire the 9-millimeter handgun indicated in the indictment at an unknown male in the parking lot of the Big Apple convenience store located in Warren City at least 23 times. In doing so, he struck a nearby white 2018 Volkswagen Passat, almost striking a Raquel Mostella who was in that motor vehicle.
>
> The defendant also fired into 876 Kenilworth Avenue, where he struck the minor female victim, date of birth 12-20-2013, in the right forearm, causing extensive damage to the bones located in her forearm.
>
> He also narrowly missed a minor female, date of birth 9-13-2019 , and a Misti Taylor * * * [in that residence].

---

1. On June 29, 2023, this case was bound over from the Warren Municipal Court in Case No, 2023 CRA 001108.

Case No. 2023-T-0102

He also fired into 877 Kenilworth Avenue, where he narrowly or nearly shot a JoAnne DeVerna, who was a resident of that residence.

Many of these shots were also fired from or on a motor vehicle.

{¶5} As a result of the plea, the State nolled Counts 4 and 5 of the indictment and appellant forfeited a Glock 19x, semiautomatic 9mm handgun, Serial No. BVHV497. A presentence investigation ("PSI") was ordered and bond revoked.

{¶6} On December 5, 2023, appellant was sentenced to an aggregate minimum prison term of 25 1/2 years to a maximum of 29 1/2 years plus fines and costs. Specifically, appellant was sentenced to a minimum of eight years to a maximum of 12 years on Count 1, with an additional term of three years on the firearm specification to be served prior to and consecutively to the underlying sentence; a term of six years on Count 7, to be served concurrently to all other counts, with an additional term of three years on the firearm specification to be served prior to and consecutively to the underlying offense and all other Counts; a term of seven years on Count 2 to be served consecutively to all other counts, with an additional three-year prison term on the firearm specification to be served prior to and consecutively to the underlying offense and all other counts; a term of eight years on each count, Counts 3, 6, 8 and 9 to each count to be served concurrently to each other and all other counts and an additional three years on each attached firearm specification to be served concurrently to each other and all other counts; and a term of 18 months on Count 10 to be served consecutively to all other counts.

{¶7} Appellant timely appeals and raises the following assignment of error for review: "The trial court erred and imposed a sentence clearly and convincingly contrary to law, by issuing an indeterminate, consecutive sentence to Appellant in the aggregate

3

of a minimum of 25 and 1/2 years and a maximum of 29 and 1/2 years, plus fines and costs. (T.d. 14)."

{¶8} Specifically, appellant argues in his brief that his sentence is excessive and unreasonable, "where apparently the fact that Appellant at 22 years of age had pled guilty, spared the State and victims of a trial, preserved judicial economy, and expressed sincere remorse at sentencing, was given little if any weight in the ultimate sentence he received."

{¶9} We review felony sentencing pursuant to R.C. 2953.08(G)(2), which provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a)   That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b)   That the sentence is otherwise contrary to law.

{¶10} While R.C. 2953.08(G)(2)(a) allows a reviewing court to modify or vacate a sentence, that ability is limited to certain specified statutory provisions. Findings made pursuant to R.C. 2929.11 and 2929.12 are not among those statutory provisions listed in R.C. 2953.08(G)(2)(a). *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 28. "R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported

4

by the record under R.C. 2929.11 and 2929.12. *Id.* at ¶ 39. *See also State v. Harvey*, 11th Dist. No. 2023-T-0046, 2024-Ohio-702, ¶ 8.

{¶11} Appellant argues that that "the appeal of a sentence such as his, in effect, [is] illusory: the Appellate Court having no power to intervene and fashion a more reasonable sentence . . ." Appellant's brief at 7. This Court, as it is required to do, has followed the direction of the Supreme Court of Ohio: "'This court's holding today specifies what an appellate court may not do under this provision: it may not conduct an independent review of whether the record supports the sentence and substitute its own judgment regarding the appropriate sentence.'" *Harvey*, ¶ 9 quoting *Jones*, 163 Ohio St.3d 242, at ¶ 46. There is nothing in the record to suggest that appellant's sentence is contrary to law. Each individual sentence is within the statutory guidelines.

{¶12} Because certain sentences were ordered or were required to be served consecutively, appellant asserts the aggregate sentence as excessive or unreasonable. There is a statutory presumption in favor of concurrent sentences. R.C. 2929.41(A). However, R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16,

5

2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Additionally, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29. In other words, "'if the court has properly made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we "clearly and convincingly" find "[t]hat the record does not support the court's findings[.]"'" *State v. Haynes*, 11th Dist. Lake No. 2022-L-009, 2022-Ohio-4464, ¶ 48, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 19 (8th Dist.), quoting R.C. 2953.08(G)(2)(a). *See State v. Passalacqua*, 11th Dist. Lake No. 2023-L-013, 2023-Ohio-3525, ¶ 28.

{¶14} During the sentencing hearing, the trial court stated:

6

Case No. 2023-T-0102

"[The] Court has considered the overriding principles and purposes of felony sentencing, and * * * has considered all relevant seriousness and recidivism factors.

* * *

[The] Court finds it is necessary to protect the public from future crime by the defendant; that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, in permanently injuring a nine-year old girl; one or more of the offenses were committed while multiple other offenses were pending. Due to the conduct of the defendant in putting - - any time you put a gun in your hand and you want to take that and discharge it, you've got to accept responsibility for everything that happens from that.

* * *

So you have been multiple times in the criminal justice system, and you were warned many times, you're forbidden from owning or possessing a gun, and you chose to pick one up anyway; correct?

* * *

Conduct of the defendant demonstrates that a single prison term would not adequately reflect the seriousness of the conduct; defendant's criminal history demonstrates consecutive sentences are necessary.

{¶15} These findings were incorporated in the sentencing entry. Specifically, the trial court "considered the record, oral statements, the pre-sentence investigation and any victim impact statements, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors of R.C. 2929.12." The trial court determined:

[T]hat consecutive service is necessary to protect the public from future crime and to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public. Further the Court finds the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender and that no single prison term for any of the offenses committed adequately reflects the seriousness of the offender's conduct.

7

Case No. 2023-T-0102

**{¶16}** Appellant was 22 years old at the time of sentencing. At the hearing, the trial court noted appellant's prior criminal history beginning at age 17 which included charges for possession of drugs, criminal damaging, two convictions of domestic violence, assault, failure to comply with the order or signal of a police officer, criminal trespassing, obstruction of official business, weapons under disability, and the underlying charges.

**{¶17}** Upon review of the record in this case, the record supports the trial court's determination. The individually imposed sentences were within the statutory guidelines, the trial court considered the statutory mandates, and imposed consecutive sentences. The trial court made the required findings to impose consecutive sentences. R.C. 2929.14(C)(4). Accordingly, appellant's sole assignment of error is without merit.

**{¶18}** Finding appellant's assignment of error to be without merit, we affirm the judgment of the Trumbull County Court of Common Pleas.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.