[Cite as *State v. Little*, 2024-Ohio-5375.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

- vs -

DARON LITTLE,

Defendant-Appellant.

CASE NO. 2024-T-0057

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2023 CR 00665

**O P I N I O N**

Decided: November 12, 2024
Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Christopher P. Lacich*, Roth Blair Roberts Strasfield & Lodge, 100 East Federal Street, Suite 600, Youngstown, OH 44503 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} This case originates from a bind over from the Girard Municipal Court, Trumbull County, Ohio, to the Trumbull County Court of Common Pleas. At Grand Jury, appellant, Daron Little ("Little"), was indicted on a single count of Receiving Stolen Property, a felony of the fourth degree, in violation of R.C. 2913.51(A) and (C). The indictment was based on Little's operation of an alleged stolen vehicle.

{¶2} On February 26, 2024, Little entered a plea of guilty to an amended indictment charging him with Receiving Stolen Property, a felony of the fifth degree, in

violation of R.C. 2913.51(A) and (C). The case proceeded to sentencing on June 17, 2024. Little was sentenced to community control, beginning with 180 days in the Trumbull County Jail with no credit for time served, and ordered to pay for court costs.

{¶3} Little filed a timely notice of appeal and assigns the following as error:

{¶4} "The appellant's felony sentence was clearly and convincingly contrary to law when the trial court imposed a jail sentence of 180 days (community control), plus court costs."

{¶5} The standard for reviewing felony sentences is set forth in R.C. 2953.08(G)(2), but "R.C. 2953.08(G)(2) does not allow an appellate court to review whether the record supports the sentence under R.C. 2929.12." *State v. Thompson*, 2024-Ohio-4541, ¶ 26 (11th Dist.); *see also State v. Jones*, 2020-Ohio-6729, ¶ 42. Rather, the standard when reviewing sentencing under R.C. 2929.11 and 2929.12 is if the sentence is "contrary to law," not if the sentence is supported by the record. *Jones* at ¶ 28-32; *see also* R.C. 2953.08(G)(2)(b).

{¶6} "A sentence is contrary to law when it is in violation of statute or legal regulations, such as where it falls outside of the statutory range for the offense or where the trial court fails to consider the purposes and principles of sentencing under R.C. 2929.11 and the factors in R.C. 2929.12." (Citation omitted.) *State v. Dietrich*, 2024-Ohio-2039, ¶ 30. R.C. 2929.11 and 2929.12 merely require a court to "consider" the factors, and even a silent record "raises a presumption that the sentencing court considered all relevant factors." *Thompson* at ¶ 29, citing *State v. DeLuca*, 2021-Ohio-1007, ¶ 18 (11th Dist); *see also State v. Adams*, 37 Ohio St.3d 295 (1988), paragraph three of the syllabus. Therefore, a trial court "'is not required to make specific findings on the record to comport

2

with its statutory obligations [under R.C. 2929.11 and 2929.12].'" *State v. Golding*, 2021-Ohio-3976, ¶ 14 (11th Dist.), quoting *State v. Shannon*, 2021-Ohio-789, ¶ 17 (11th Dist.).

**{¶7}** Here, Little's sentence is not contrary to law because the sentence was within the statutory range for the offense, a fact he concedes. The trial court sentenced Little to community control, beginning with 180 days in the Trumbull County Jail with no credit for time served, and to pay court costs. This is within the range of sentencing for a felony of the fifth degree, which can have a maximum term of 12 months in prison. *See* R.C. 2929.14(A)(5).

**{¶8}** Moreover, the sentence is not contrary to law based on inadequate consideration of the purposes and principles of sentencing under R.C. 2929.11 and the factors in R.C. 2929.12. Instead, as will be discussed below, the trial court gave due consideration to these factors. Further, Little's argument that the trial court erred in imposing the sentence due to a "lack of specificity in the sentencing record" to support its order is similarly without merit. Again, although not required, the trial court did identify certain "seriousness-and-recidivism" factors upon which it premised its sentence.

**{¶9}** "While R.C. 2953.08(G)(2)(a) allows a reviewing court to modify or vacate a sentence, that ability is limited to certain specified statutory provisions." *State v. Parks*, 2024-Ohio-1650, ¶ 10 (11th Dist.) The findings and/or considerations made by a trial court under R.C. 2929.11 and 2929.12 are not among those statutory provisions listed in R.C. 2953.08(G)(2)(a). *Id.,* citing *Jones*, 2020-Ohio-6729, at ¶ 28; *see also State v. Harvey*, 2024-Ohio-702, ¶ 8 (11th Dist.).

**{¶10}** We re-emphasize "and admonish all counsel in this district to observe, R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a

sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12." *State v. Gibbs*, 2022-Ohio-4792, ¶ 60-61 (11th Dist.) (citing multiple cases from this district underscoring the untenability of arguments challenging individual sentences via R.C. 2929.11 and R.C. 2929.12, pursuant to R.C. 2953.08(G)(2)(a)).

{¶11} In *Gibbs*, this court was specifically critical of an appellate argument, similar to that raised in the matter sub judice, which challenged the trial court's findings (or lack of findings) under R.C. 2929.11 and R.C. 2929.12, particularly where, as here, the sentence is not contrary to law. In other words, "we are prohibited from 'looking behind' the court's decision with respect to R.C. 2929.11 and R.C. 2929.12." *State v. Orr*, 2024-Ohio-4707, ¶ 12 (2d Dist.).

{¶12} This court does not seek to upbraid the defense bar for advancing arguments in prosecuting a defendant's appeal of right. Unless, however, the General Assembly revisits this court's standard of review relating to the R.C. 2929.11 and R.C. 2929.12 factors, we are simply without statutory authority to review whether the record supports an individual sentence under those provisions. As the Supreme Court held in *Jones*, 2020-Ohio-6729, at ¶ 42, nothing in R.C. 2953.08(G)(2) allows a court to independently weigh or conduct a "freestanding inquiry" into the evidence in the sentencing record such that the reviewing court could substitute its judgment for the trial court.

{¶13} Even though Little's argument is essentially frivolous, we point out that the trial court expressly considered the sentencing factors under R.C. 2929.11 and R.C. 2929.12. At the sentencing hearing, the court observed:

4

> The Court has considered the overriding principles and purposes of felony sentencing and has further considered all relevant seriousness and recidivism factors contained in R.C. 2929.11 and 2929.12. The Court finds the Defendant has an extensive criminal record. The Defendant has a moderate risk of re-offending. The Court finds that a sentence of community control is proportional to the Defendant's conduct and is consistent with similarly situated offenders.

{¶14} The trial court gave overt consideration to the statutory factors and pointed out that its sentence was proportional to Little's conduct and consonant with sentences imposed on other defendants in a similar position. Community control, including a residential sanction of 180 days in jail, is authorized by statute and is hardly uncommon. *See* R.C. 2929.16(A)(2). Little's argument lacks merit and the assignment of error is overruled.

{¶15} The judgment of the Trumbull County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

ROBERT J. PATTON, J.,

concur.

5