[Cite as *State v. Passalacqua*, 2023-Ohio-3525.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NOS. 2023-L-013 |
| | 2023-L-014 |
| Plaintiff-Appellee, | |
| | |
| - vs - | Criminal Appeals from the |
| | Court of Common Pleas |
| JOSEPH A. PASSALACQUA, | |
| | |
| Defendant-Appellant. | Trial Court Nos. 2022 CR 000084 |
| | 2021 CR 000978 |

# O P I N I O N

Decided: September 29, 2023
Judgment: Affirmed and remanded

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} The instant appeal stems from two underlying cases in which the appellant, Joseph A. Passalacqua ("Mr. Passalacqua"), was convicted of aggravated drug trafficking and aggravated possession and sentenced to terms of community control. Mr. Passalacqua appeals from the judgment entries of the Lake County Court of Common Pleas that, in each case, terminated his community control after several violations and sentenced him to terms of imprisonment, with the sentences ordered to be served consecutively, for a total of 30 months.

{¶2} Mr. Passalacqua raises one assignment of error for our review, contending the trial court erred by imposing consecutive prison terms when the record does not clearly and convincingly support the trial court's findings.

{¶3} After a thorough review of the record and pertinent law, we find Mr. Passalacqua's assignment of error to be without merit. Quite simply, the record contradicts Mr. Passalacqua's contention that the trial court's findings are unsupported and/or that his sentence is contrary to law. A review of the sentencing hearing transcript reveals evidence that Mr. Passalacqua repeatedly violated several conditions of his community control in addition to his failure to report to the Adult Probation Department, i.e., he actively used illegal drugs, remains unemployed, and failed to reinstate his driver's license. Further, he has an extensive criminal history that began when he was a juvenile and includes several violent offenses. Under these circumstances, we cannot say the record does not "clearly and convincingly" support the trial court's findings. Nor is Mr. Passalacqua's sentence contrary to law simply because after repeatedly pleading guilty to violating his community control, he now wishes to undergo an intensive drug treatment program in lieu of prison.

{¶4} We do note, however, that the trial court failed to incorporate its consecutive sentence findings pursuant to R.C. 2929.14(C) in the sentencing entries of both cases. Thus, we remand to the trial court to issue nunc pro tunc sentencing entries incorporating its findings from the sentencing hearing.

{¶5} Based on the foregoing, we affirm the judgments of the Lake County Court of Common Pleas, but we remand for the trial court to issue nunc pro tunc sentencing entries that incorporate its consecutive sentence findings pursuant to R.C. 2929.14(C).

2

Case Nos. 2023-L-013, 2023-L-014

## Substantive and Procedural History

{¶6} This appeal stems from two underlying cases.

### The 2021 Case

{¶7} In Lake County Common Pleas case no. 2021 CR 000978 (the "2021 case"), Mr. Passalacqua pleaded guilty to two counts of aggravated trafficking in drugs, fourth-degree felonies, in violation of R.C. 2925.03(A)(1), with contraband/instrumentalities forfeiture specifications pursuant to R.C. 2941.1417 and 2981.04, and one count of aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11, with contraband/instrumentalities forfeiture specifications pursuant to R.C. 2941.1417 and 2981.04.

{¶8} The trial court sentenced Mr. Passalacqua to five years of community control on each count, concurrently, with various conditions, including complete and total abstinence from drugs and alcohol, full-time employment, reinstatement of a valid driver's license, intensive outpatient therapy, and mental health counseling.

### The 2022 Case

{¶9} In Lake County Court of Common Pleas case no. 2022 CR 000084 (the "2022 case"), Mr. Passalacqua pleaded guilty to one count of aggravated possession of drugs, a fifth-degree felony, in violation of R.C. 2925.11, with a contraband/instrumentalities forfeiture specification pursuant to R.C. 2941.1417 and R.C. 2981.04.

{¶10} The trial court sentenced him to five years of community control with almost identical conditions as in the 2021 case.

3

**First Violation of Community Control**

{¶11} In July 2022, the trial court held a hearing on the state's motions to terminate Mr. Passalacqua's community control in both cases. Mr. Passalacqua pleaded guilty to failing to report to the Adult Probation Department on three separate occasions. In the 2021 case, the trial court continued his terms of community control, with additional sanctions and conditions, including 75 days in jail, with time for 15 days served, and a 30-day jail treatment program. In the 2022 case, the trial court continued his term of community control.

**Termination of Community Control**

{¶12} In January 2023, the trial court held a hearing on the state's second motion to terminate community control in both cases. In each, Mr. Passalacqua pleaded guilty to violating several rules of his community control: self-reported methamphetamine and marijuana use on at least three separate occasions; being cited by the Wickliffe Police Department for possession of marijuana, a minor misdemeanor; and failing to report to the Adult Probation Department as instructed.

{¶13} Defense counsel asked the court to continue community control to allow Mr. Passalacqua the opportunity to undergo inpatient treatment, followed by a sober living program upon his release. Mr. Passalacqua spoke on his own behalf, explaining he successfully completed the jail treatment program, but he returned to live with his fiancé, who is an active drug user. He insisted he was not blaming his fiancé for his drug use, and he acknowledged he has been a drug user for ten years. He confirmed he did not fulfill the other conditions of his community control, such as finding employment and reinstating his driver's license. When Mr. Passalacqua advocated an intensive inpatient

4

Case Nos. 2023-L-013, 2023-L-014

treatment in lieu of terminating his community control, the trial court reminded him that this was the fifth time in seven months he had been before the court promising he would "get his life together."

{¶14} The court reviewed the presentence investigation ("PSI"), the applicable sentencing statutes, i.e., R.C. 2929.11, 2929.12, 2929.13 and 2929.14, and found Mr. Passalacqua "abandoned the purposes for which community control has been implemented in the 21 case and the 22 case. And in case the record's not clear I say that because you were sentenced in the 21 case, you were sentenced in the 22 case. The 21 case you were sentenced in May of '22 and you have the violations now for the third time for repeated drug use, repeated not showing up and then this in line with what your previous record is, your previous criminal record. So you are no longer amenable to community control."

{¶15} In the 2021 case, the trial court terminated Mr. Passalacqua's community control and sentenced him to serve terms of imprisonment of 18 months on the two counts of aggravated trafficking in drugs and 12 months on the count of aggravated possession of drugs, to be served concurrently to one another.

{¶16} In the 2022 case, the trial court terminated Mr. Passalacqua's community control and sentenced him to a term of imprisonment of 12 months on the count of aggravated possession of drugs.

{¶17} The court ordered the sentences to be served consecutively to each other, for a total term of 30 months in prison.

{¶18} As relevant to this appeal, the court found "[t]hose two sentences will be consecutive to one another. The sentences, consecutive sentences in this case are

5

necessary to protect the public from future crime by you and for appropriate punishment and they are not disproportionate to the seriousness of your offenses. And you obviously pose a danger to the public by virtue of these offen[s]es which include trafficking in drugs and your history of criminal conduct demonstrates that these are necessary to protect the public from future crime by you."

{¶19} Mr. Passalacqua raises one assignment of error for our review:

{¶20} "The trial court erred by sentencing the defendant-appellant to consecutive prison sentences in case numbers 22 CR 000084 and 21 CR 000978, totaling thirty months, as that sentence is contrary to law."

**Consecutive Sentences**

{¶21} In his sole assignment of error, Mr. Passalacqua contends the trial court erred by sentencing him to consecutive sentences because the record does not clearly and convincingly support its findings. He further contends his sentence is "contrary to law" because he wishes to obtain intensive inpatient treatment in keeping with the purposes of community control.

{¶22} An appellate court reviews the trial court's imposition of consecutive sentences pursuant to R.C. 2953.08(G)(2), which permits us to modify or vacate consecutive sentences if we clearly and convincingly find (a) the record does not support the trial court's findings under R.C. 2929.14(C)(4) or (b) the sentence is otherwise contrary to law.

{¶23} R.C. 2929.41 creates a statutory presumption in favor of concurrent sentences, providing, in pertinent part, that "[e]xcept as provided in * * * division (C) of section 2929.14, * * * a prison term * * * or sentence of imprisonment shall be served

6

concurrently with any other prison term * * * or sentence of imprisonment imposed by a court of this state * * *." R.C. 2929.41(A). R.C. 2929.14(C)(4), in turn, provides, "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively" if it finds (1) "the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public"; and (3) any of the following:

{¶24} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶25} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶26} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶27} The Supreme Court of Ohio has held that "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing

7

entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The trial court is not required "to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* Otherwise, "the imposition of consecutive sentences * * * is contrary to law." *Id.*

{¶28} In addition, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29. In other words, "'If the court has properly made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we "clearly and convincingly" find "[t]hat the record does not support the court's findings[.]"'" *State v. Haynes*, 11th Dist. Lake No. 2022-L-009, 2022-Ohio-4464, ¶ 48, quoting State *v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 19 (8th Dist.), quoting R.C. 2953.08(G)(2)(a).

{¶29} Mr. Passalacqua contends the trial court's findings are not supported by the record because his probation violations were for drug use and failure to report to the Adult Probation Department. Thus, there is nothing to suggest he is a danger to the public, even though his underlying offenses were, in part, for trafficking drugs out of his home.

{¶30} Quite simply, the record contradicts Mr. Passalacqua's contentions. As our review of the sentencing hearing transcript reveals, Mr. Passalacqua has not altered his behavior since being convicted for aggravated trafficking in drugs/aggravated possession of drugs in the 2021 case. While that case was pending, Mr. Passalacqua was charged with aggravated possession of drugs in the 2022 case. Mr. Passalacqua did not simply violate three rules of his community control but failed numerous conditions, i.e., he is still

Case Nos. 2023-L-013, 2023-L-014

an active drug user, remains unemployed, and failed to get his driver's license reinstated. After violating his initial terms of community control and undergoing a 30-day jail treatment program, he again returned to the same environment and the same criminal behavior. In addition, as the trial court noted, Mr. Passalacqua has an extensive criminal history, which began when he was a juvenile and includes several violent offenses.

**{¶31}** Under these circumstances, we cannot say the record does not "clearly and convincingly" support the trial court's findings. Nor is Mr. Passalacqua's sentence contrary to law simply because after repeatedly pleading guilty to violating his community control (in a span of just seven months), he now wishes to undergo an intensive treatment program in lieu of prison.

**{¶32}** Mr. Passalacqua's sole assignment of error is without merit.

### Nunc Pro Tunc

**{¶33}** We do note, however, that the trial court failed to incorporate its consecutive findings in the sentencing entries of both cases. A trial court's failure to incorporate the findings required by R.C. 2929.14(C) in the sentencing entry after making those findings at the sentencing hearing does not render the sentence contrary to law and may be corrected via a nunc pro tunc entry. *State v. Burke*, 11th Dist. Trumbull Nos. 2018-T-0032 & 2018-T-0035, 2019-Ohio-1951, ¶ 152; *Bonnell* at ¶ 30. *See also State v. Olp*, 11th Dist. Ashtabula Nos. 2015-A-0033 & 2015-A-0034, 2016-Ohio-3508, ¶ 19; *State v. Elliott*, 11th Dist. Trumbull No. 2021-T-0045, 2023-Ohio-412, ¶ 12. The proper procedure, therefore, is to affirm the judgment but remand the matter for the trial court to issue nunc pro tunc sentencing entries incorporating the R.C. 2929.14(C) findings that were made at the sentencing hearing. *Burke* at ¶ 154.

9

Case Nos. 2023-L-013, 2023-L-014

{¶34} Based on the foregoing, we affirm the judgments of the Lake County Court of Common Pleas but remand for the trial court to issue nunc pro tunc sentencing entries that incorporate its consecutive sentence findings pursuant to R.C. 2929.14(C).

JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case Nos. 2023-L-013, 2023-L-014