[Cite as *State v. Stokel*, 2024-Ohio-893.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>   Plaintiff-Appellee,<br><br>- vs -<br><br>NICK M. STOKEL,<br><br>   Defendant-Appellant. | CASE NO. 2023-P-0065<br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2020 CR 00547 |

**O P I N I O N**

Decided: March 11, 2024
Judgment: Reversed and remanded

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Donald K. Pond, Jr.*, 567 East Turkeyfoot Lake Road, Suite 107, Akron, OH 44319 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Nick M. Stokel ("appellant"), appeals from the judgment of the Portage County Court of Common Pleas revoking his community control sanctions and imposing consecutive prison terms. For the following reasons, we reverse and remand for resentencing consistent with this opinion.

{¶2} On July 23, 2020, the Portage County Grand Jury returned a four-count indictment charging appellant with felonious assault, a second degree felony, with a firearm specification, pursuant to R.C. 2903.11, 2929.14, 2941.141 ("Count 1"); having weapons under disability, a third degree felony, in violation of R.C. 2923.13 ("Count 2");

carrying concealed weapon, a fourth degree felony, in violation of R.C. 2923.12 ("Count 3"); and, improperly handling of a firearm in a motor vehicle, a fourth degree felony, in violation of R.C. 2923.16 ("Count 4").

{¶3} Appellant entered a plea of not guilty at arraignment on July 24, 2020, and bond was set at $100,000 cash or surety.

{¶4} On October 21, 2020, appellant appeared with counsel, waived his rights, and entered a plea of guilty to having weapons under disability and carrying a concealed weapon, Counts 2 and 3 of the indictment. The remaining charges were dismissed.  At the plea hearing, the trial court informed him that he could be facing a maximum total prison term of four and one-half years. A presentence investigation (PSI) was ordered. On November 30, 2020, the trial court ordered that appellant be assessed for NEOCAP.

{¶5} A sentencing hearing was held on December 4, 2020. At the sentencing hearing, the trial court stated the following:

> So after reviewing the presentence investigation, the recommendation of counsel, it is the sentence of this court, I am going to find that you are amenable to community control sanctions and that a prison sentence is not consistent with the purposes and principles of sentencing at this time.
>
> Therefore, for the felony of the third degree, it is the sentence of this court that you serve thirty-six months in the Ohio Department of Corrections.
>
> For the felony of the fourth degree, it is the sentence of this court that you serve eighteen months in the Ohio Department of Corrections. I'm ordering that those sentences run consecutively, not concurrently, for a total of four and a half years.

{¶6} The trial court then suspended the prison term and placed appellant on intensive supervision for the first year, followed by four years of general supervision.

2

Case No. 2023-P-0065

Appellant was ordered to complete NEOCAP, comply with any aftercare, submit to random drug and alcohol screenings, and maintain employment.

{¶7} The sentencing entry does not reflect that the prison terms imposed would be suspended, but instead indicates that upon a violation, the trial court would sentence appellant to a 36-month term on Count 2, and an 18-month term on Count 3, to be served consecutively to one another for an aggregate term of four and one-half years.

{¶8} A motion to revoke and capias request was filed after appellant failed to report to probation upon release from the Ohio Department of Rehabilitation and Corrections, failed to respond to phone calls and mail, and missed a scheduled appointment on March 20, 2022. The trial court granted the motion on April 20, 2022.

{¶9} A hearing was held on July 24, 2023. At the hearing, appellant appeared with counsel, admitted the violation, and waived a hearing. The trial court found appellant violated the terms of his community control. The matter was set for disposition hearing on July 28, 2023.

{¶10} On July 28, 2023, defense counsel informed the court that appellant had new charges in Cuyahoga County and appellant was awaiting arraignment. The trial court stated: "* * * Well, I'm going to terminate your probation, impose your previously suspended sentence of three, plus one and a half years, for a total of a four-and-a-half-year sentence." When appellant requested that the trial court consider something else, the trial court responded "[n]o. That was the sentence that was suspended originally and that's the sentence that I'm imposing." The trial court did not make the consecutive findings at the sentencing hearing upon revoking appellant's community control.

3

{¶11} The sentencing entry provides in relevant part:

> Weighing all factors, a prison term is consistent with the purposes and principles of 2929.19 and the Defendant is no longer amendable to community control sanctions. Due to the Defendant's failure to abide by the terms and conditions of community control and/or Defendant's significant criminal history, a prison term is necessary.
>
> The Court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the Defendant and consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public.
>
> Also, the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

{¶12} Appellant timely appeals and raises a single assignment of error: "[t]he trial court erred by imposing consecutive sentences upon Defendant-Appellant, Nick Stokel, absent the findings required by law in accordance with R.C. 2929.14 and *State v. Bonnell*. (T.d. 39) (T.p. July 28, 2023)." Specifically, appellant asserts that the trial court failed to make the requisite findings when it imposed consecutive sentences. We agree.

{¶13} "R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law.'" *State v. Lamb*, 11th Dist. Portage No. 2022-P-0084, 2023-Ohio-2834, ¶ 9, citing *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, ¶ 11. See *State v. Gwynne*, --- Ohio St.3d ----, 2023-Ohio-3851, --- N.E.3d ----.

{¶14} "'[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of

4

felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" (Citations omitted). *Id.*

{¶15} First, we note that "community control sanctions and prison terms are mutually exclusive and therefore cannot be imposed at the same time on the same count of conviction." *State v. Berry*, 2012-Ohio-4660, 980 N.E.2d 1087, ¶ 21 (3d Dist.). Therefore, a trial court cannot suspend a prison term or make community control a condition of a suspended prison term. *State v. Duncan*, 2016-Ohio-5559, 61 N.E.3d 61, ¶ 19 (12th Dist.). Here, the trial court explained at the appellant's initial sentencing hearing on December 4, 2020, that the trial court would suspend the sentences and place appellant on community control. This is improper. *See State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 31 ("as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions").

{¶16} However, the sentencing entry does not reflect this description. Instead, the sentencing entry reflects that upon a violation of the community control sanctions, the court would impose a 36-month prison term on Count 2 to be served consecutively to an 18-month prison term on Count 3 for an aggregate prison term of four and one-half years.

{¶17} When imposing a sentence of community control sanctions, the sentencing court must notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction at the time of the sentencing. *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 29. *See Duncan*, at ¶ 21. The Ohio Supreme Court concluded in *State v. Jones*, 171 Ohio St.3d 496, 2022-Ohio-4485,

5

218 N.E.3d 867 "that a reserved prison term may be ordered to be served consecutively to any other sentence at a community-control-revocation hearing if notice was given when the prison term was reserved that the term could be required to be served consecutively to another prison term at the time of revocation." In the instant case, the trial court informed appellant that upon a violation, the trial court would impose consecutive sentences. This was necessary for the court to preserve the court's ability to impose such a sentence upon a community control violation.

**{¶18}** Upon revoking appellant's community control, the trial court imposed consecutive prison terms for an aggregate prison term of four and one-half years. However, the trial court failed to make the consecutive findings at the hearing.

**{¶19}** When imposing consecutive sentences, "'a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing *and* incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.'" (Emphasis added). *State v. Passalacqua*, 11th Dist. Lake Nos. 2023-L-013, 2023-L-014, 2023-Ohio-3525, ¶ 27, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

**{¶20}** R.C. 2929.14(C)(4) states:

> "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing,

6

was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶21} "The trial court is not required 'to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.' [*Bonnell* at ¶ 37] Otherwise, 'the imposition of consecutive sentences * * * is contrary to law.' *Id.*" *Passalacqua*, 2023-Ohio-3525, ¶ 27.

{¶22} At the initial sentencing, when discussing the prison terms the trial court would impose if appellant violated his community control sanctions, the trial court made consecutive findings in accordance with R.C. 2929.14(C)(4). Those findings were not incorporated into the initial sentencing entry or the nunc pro tunc entry on sentence.

{¶23} Regardless of the trial court's consecutive findings at the initial sentencing hearing, the trial court did not make the consecutive findings anew when it revoked appellant's community control sanctions and sentenced appellant to consecutive prison terms.

{¶24} In *State v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, ¶ 27, the Supreme Court of Ohio noted:

 * * * [E]ven if the court had made the consecutive-sentences findings at Howard's initial sentencing hearing, R.C. 2929.14(C)(4) becomes relevant when "multiple prison terms

7

*are imposed.*" (Emphasis added.) And here, prison terms were not imposed until the trial court revoked Howard's community control. Accordingly, consecutive sentences were not properly imposed and we must vacate the trial court's consecutive-sentences order and remand the case to the trial court for resentencing. *See Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37.

{¶25}  While the trial court's entry contains the consecutive findings, the trial court did not make consecutive findings at the hearing when it revoked appellant's community control sanctions as required. As such, consecutive sentences were not properly imposed. Appellant's sole assignment of error is sustained.

{¶26}  Therefore, we vacate the sentence imposed and remand for resentencing. Should the trial court re-impose consecutive sentences, the trial court shall make all necessary statutory findings at the sentencing hearing and in the sentencing entry. *State v. Tinker*, 2023-Ohio-3216, 224 N.E.3d 579, ¶ 23 (11th Dist.).

{¶27}  For the foregoing reasons, we reverse the judgment of the Portage County Court of Common Pleas and remand this matter for resentencing.


EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

8

Case No. 2023-P-0065