[Cite as *State v. Williams*, 2024-Ohio-2041.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

MONTEZ WILLIAMS,

        Defendant-Appellant.

**CASE NO. 2023-T-0096**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 00061

---

# **O P I N I O N**

Decided: May 28, 2024
Judgment: Reversed and remanded

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Richard E. Hackerd*, 55 Public Square, Suite 2100, Cleveland, OH 44113 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Montez Williams ("appellant"), appeals from the judgment of the Trumbull County Court of Common Pleas revoking his community control sanctions and imposing consecutive prison terms and the State concedes error. For the following reasons, we reverse and remand this matter for resentencing consistent with this opinion.

{¶2} On March 3, 2021, the Trumbull County Grand Jury returned a two-count indictment charging appellant with improperly handling firearms in a motor vehicle, a

felony of the fourth degree, pursuant to R.C. 2923.16(B) and (I) ("Count 1"), and having weapons while under disability, a felony of the third degree, pursuant to R.C. 2923.13(A)(2) and (B) ("Count 2").[1]

{¶3} Appellant entered a plea of not guilty at arraignment on March 11, 2021, and a personal/unsecured appearance bond in the amount of $3,500 was set subject to pretrial release conditions.

{¶4} On July 22, 2021, appellant appeared with counsel, waived his rights, and entered a plea of guilty to Count 1 of the indictment, improperly handling firearms in a motor vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(B) and (I). The remaining charge was dismissed. Appellant agreed to forfeit the firearm, a Taurus 9mm, semi-automatic handgun, and any ammunition. A presentence investigation ("PSI") was ordered.

{¶5} A sentencing hearing was held on September 16, 2021. According to the sentencing entry, appellant was sentenced to community control sanctions for a period of five (5) years subject to specific conditions and sanctions. The entry further provides that appellant was advised by the trial court that if he violated "any law of any jurisdiction in the United States; any rule of the Department of Community Control; or, any condition of any sanction imposed upon him" that the trial court could impose a more restrictive sanction including a prison term of 18 months.

{¶6} Transcripts of the initial plea hearing and initial sentencing are not part of the record on appeal.

---

1. This case was bound over from the Warren Municipal Court on January 27, 2021, in Case No. 2020 CRA 2335-01.

Case No. 2023-T-0096

{¶7} A probation warrant was issued on February 8, 2022. A review of the record in this case shows the warrant was recalled on August 8, 2023.

{¶8} A hearing on the community control violations was held on October 19, 2023. At the hearing, appellant appeared with counsel, admitted the violations, and waived a hearing. The trial court found appellant violated the terms of his community control. The trial court proceeded directly to sentencing and sentenced appellant "to serve a sentence of 18 months consecutive to all other charges." The judgment entry on sentencing further specifies that appellant "shall serve a prison term of eighteen (18) months * * * consecutively to Trumbull County Court of Common Pleas case number 2022 CR 078."

{¶9} Appellant timely appeals and raises a single assignment of error: "[t]he Trial Court committed reversible error when it imposed consecutive sentences without any findings in support." Specifically, appellant asserts that the trial court failed to make the requisite findings when it imposed consecutive sentences. We agree.

{¶10} "R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law.'" *State v. Lamb*, 11th Dist. Portage No. 2022-P-0084, 2023-Ohio-2834, ¶ 9, citing *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, ¶ 11. See *State v. Gwynne*, 173 Ohio St.3d 525, 2023-Ohio-3851, 231 N.E.3d 1109.

{¶11} "'[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of

3

felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" (Citations omitted). *Id.*

{¶12} When imposing a sentence of community control sanctions, the sentencing court must notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction at the time of the sentencing. *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 29. The Ohio Supreme Court has concluded "that a reserved prison term may be ordered to be served consecutively to any other sentence at a community-control-revocation hearing if notice was given when the prison term was reserved that the term could be required to be served consecutively to another prison term at the time of revocation." *State v. Jones*, 171 Ohio St.3d 496, 2022-Ohio-4485, 218 N.E.3d 867, ¶ 15.

{¶13} When imposing consecutive sentences, "'a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing *and* incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.'" (Emphasis added). *State v. Passalacqua*, 11th Dist. Lake Nos. 2023-L-013, 2023-L-014, 2023-Ohio-3525, ¶ 27, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶14} R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

4

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶15} "The trial court is not required 'to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.' [*Bonnell* at ¶ 37] Otherwise, 'the imposition of consecutive sentences * * * is contrary to law.' *Id.*" *Passalacqua*, 2023-Ohio-3525, ¶ 27.

{¶16} Upon revoking appellant's community control, the trial court imposed a prison term and ordered it to be served consecutively to the sentence imposed in another case by another judge. The trial court failed to make the consecutive findings at the hearing when it revoked appellant's community control sanctions and sentenced appellant to consecutive prison terms. Therefore, consecutive sentences were not properly imposed and this matter must be remanded to trial court for resentencing. *State v. Stokel*, 11th Dist. Portage No. 2023-P-0065, 2024-Ohio-893, ¶ 24, quoting S*tate v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, ¶ 27.

{¶17} Because the transcripts of the initial plea and sentencing are not part of the record in this case, it is unclear from the current record whether the trial court advised

5

appellant that the reserved sentence could be ordered to be served consecutively to another sentence.

{¶18} Appellant's sole assignment of error is sustained.

{¶19} For the foregoing reasons, we reverse the judgment of the Trumbull County Court of Common Pleas and remand this matter for resentencing consistent with this opinion.

EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2023-T-0096