[Cite as *State v. Feidler*, 2024-Ohio-2040.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

JEREMY M. FEIDLER,

        Defendant-Appellant.

CASE NO. 2023-T-0094

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2022 CR 00705

---

# O P I N I O N

Decided: May 28, 2024
Judgment: Affirmed

---

*Dennis Watkins,* Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, Stow, OH 44224 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Jeremy Feidler ("appellant"), appeals from the judgment of the Trumbull County Court of Common Pleas sentencing appellant to consecutive prison terms on his convictions of vandalism and aggravated menacing. For the following reasons, we affirm.

{¶2} On October 12, 2022, the Trumbull County Grand Jury returned a three-count indictment charging appellant with vandalism, a fourth-degree felony in violation of

R.C. 2909.05(B)(2) and (E) ("Count 1"), and two counts of aggravated menacing, fifth-degree felonies, in violation of R.C. 2903.21(A) and (B) ("Counts 2 and 3").[1]

{¶3} Appellant entered a plea of not guilty at arraignment on October 25, 2022. No bond was set.

{¶4} On November 2, 2022, appellant filed a motion for leave to file plea of not guilty by reason of insanity. A competency evaluation was ordered on January 19, 2023. A competency hearing was held on March 2, 2023. The State and appellant stipulated to the competency report submitted by the Forensic Psychiatric Center of Northeast Ohio, Inc. On March 7, 2023, the trial court concluded that appellant was incapable of understanding the nature and objectives of the proceedings or assisting in his own defense due to his mental condition at the time, but there was a substantial probability that appellant would become capable within six months with a course of treatment. Appellant was committed to Heartland Behavioral Healthcare for treatment.

{¶5} On June 29, 2023, a second competency hearing was held. The parties stipulated to the report filed by Heartland Behavioral Healthcare. The trial court found appellant to be competent to stand trial.

{¶6} On September 14, 2023, appellant appeared with counsel, waived his rights, and entered a plea of guilty to Counts 1 and 2 as charged in the indictment. The remaining charge was dismissed. A presentence investigation ("PSI") was ordered.

{¶7} A sentencing hearing was held on October 19, 2023. The trial court sentenced appellant to a prison term of eighteen months on Count 1 and a prison term of

---

1. This case was bound over from the Warren Municipal Court on September 16, 2022, in Case No. 2022 CRA 001617.

2

Case No. 2023-T-0094

twelve months on Count 2. The sentences were ordered to be served consecutively to each other for an aggregate prison term of 30 months.

{¶8} Appellant timely appeals and raises a single assignment of error: "[t]he trial court erred by sentencing appellant to two terms of imprisonment, to be served consecutively with one another, as the record does not support such a sentence." We disagree.

{¶9} "R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law.'" *State v. Lamb*, 11th Dist. Portage No. 2022-P-0084, 2023-Ohio-2834, ¶ 9, citing *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, ¶ 11. See *State v. Gwynne*, 173 Ohio St.3d 525, 2023-Ohio-3851, 231 N.E.3d 1109. "'[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" *Id.,* at ¶ 10, quoting *State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶ 11.

{¶10} The Supreme Court of Ohio has held that while "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified." *State v. Jones*, 163 Ohio St.3d

3

242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 28. "R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 39. See also *State v. Reed*, 11th Dist. Ashtabula No. 2022-A-0082, 2023-Ohio-1324, ¶ 13.

{¶11} Appellant asserts that the "standard for felony sentencing essentially amounts to no review at all, assuming a trial court stays within whatever sentencing range is established by statute." This Court has previously viewed such claim "as a challenge to the constitutionality of R.C. 2953.08(G)(2)(a) or Ohio's high court ruling in Jones." *State v. Reed*, 11th Dist. Ashtabula No. 2022-A-0082, 2023-Ohio-1324, ¶ 13. We have consistently rejected this claim and agreed with Justice Fischer's concurring opinion in *Jones. State v. Harvey*, 11th Dist. Trumbull No. 2023-T-0046, 2024-Ohio-702, ¶ 9.

{¶12} Appellant's argument essentially asks this Court to review whether the record supported the trial court's decision to impose a prison term rather than a community control sanction, which this Court is not permitted to do. *Jones*, 163 Ohio St.3d 242, at ¶ 39. However, the trial court's imposition of consecutive sentencing is reviewable under R.C. 2953.08(G)(2).

{¶13} There is a statutory presumption in favor of concurrent sentences. R.C. 2929.41(A). However, R.C. 2929.14(C)(4) provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the

4

offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶14} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. Additionally, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29. "In other words, 'if the court has properly made the required findings in order to impose consecutive sentences, we must affirm those sentences unless we "clearly and convincingly" find "[t]hat the record does not support the court's findings[.]"'" *State v. Haynes*, 11th Dist. Lake No. 2022-L-009, 2022-Ohio-4464, ¶ 48, quoting *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 19 (8th Dist.), quoting R.C. 2953.08(G)(2)(a). *See State v. Passalacqua*, 11th Dist. Lake No. 2023-L-013, 2023-Ohio-3525, ¶ 28.

5

{¶15} During the sentencing hearing, the trial court stated in relevant part:

[The] Court has considered the overring principles and purposes of felony sentencing, further has considered all relevant seriousness and recidivism factors. The Court finds the sentence shall be proportional to the Defendant's conduct as well as consistent with similarly situated offenders.

* * *

Pursuant to Revised Code Section 2929.14, Court finds it is necessary to protect the public from future crime by the defendant, that he has serious criminal history, that due to the conduct of the defendant a single prison term would not adequately reflect the seriousness of the conduct of the defendant and its necessary to protect the public to have consecutive sentences.

{¶16} These findings were incorporated in the sentencing entry which provides in relevant part: "[t]he Court finds that consecutive service is necessary to protect the public from future crime and to punish the Defendant, and that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the Defendant poses to the public. Further, the Court finds that the Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶17} The trial court's findings are supported by the record. Therefore, the trial court's imposition of consecutive sentences complies with R.C. 2929.14(C)(4) and the sentences are not otherwise contrary to law. As such, appellant's sole assignment of error is without merit.

{¶18} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas is affirmed.

6

Case No. 2023-T-0094

EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

7