[Cite as *State v. Baynes*, 2026-Ohio-518.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NOS. 2024-P-0048** |
| | **2024-P-0053** |
| Plaintiff-Appellee, | |
| | Criminal Appeals from the |
| - vs - | Court of Common Pleas |
| | |
| MARCUS A. BAYNES, | |
| | Trial Court Nos. 2024 CR 00224 |
| Defendant-Appellant. | 2021 CR 00651 |

---

## OPINION AND JUDGMENT ENTRY

Decided: February 17, 2026
Judgment: Affirmed

---

*Connie J. Lewandowski*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Christopher P. Lacich*, Roth Blair Roberts Strasfield & Lodge L.P.A., 100 East Federal Street, Suite 600, Youngstown, OH 44503 (For Defendant-Appellant).

ROBERT J. PATTON, J.,

{¶1}   Appellant, Marcus A. Baynes ("Baynes"), appeals his 48-month sentence for unlawful sexual conduct with a minor and the imposition of a consecutive 31-month sentence resulting from the revocation of his probation from the Portage County Court of Common Pleas.

{¶2}   In his merit brief, Baynes raises two assignments of error for review, both involving the imposition of consecutive sentences. Baynes first asserts that the trial court erred in imposing a consecutive sentence upon the revocation of judicial release in Case No. 2021 CR 00651 ("2021 Case"). Specifically, Baynes avers that the trial court failed to

inform Baynes when the court granted judicial release that it could order the reimposed sentence to be served consecutively to a new sentence. We conclude that R.C. 2929.20(K) does not require a trial court to inform a defendant that the reserved sentence could be reimposed and ordered to be served consecutively to a new sentence imposed in a separate case when a trial court grants judicial release.

{¶3} In his second assignment of error, Baynes contends that the sentencing entry in the 2021 Case contradicts the sentencing entry in Case No. 2024-CR-00224 ("2024 Case"). Upon the reimposition of the remaining prison term in the 2021 Case, which was ordered to be served consecutively in accordance with R.C. 2929.20(K), the sentence imposed in the 2021 Case, by operation of law, was required to be served prior to and consecutively to the sentence imposed in the 2024 Case. R.C. 2929.14(C)(10).

{¶4} As none of Bayne's assignments of error are meritorious, the judgments of the Portage County Court of Common Pleas are affirmed.

**Substantive and Procedural Facts**

{¶5} On July 15, 2021, the Portage County Grand Jury indicted Baynes on one count of sexual battery, a third-degree felony, in violation of R.C. 2907.03, and one count of unlawful sexual conduct with a minor, a fourth-degree felony, in violation of R.C. 2907.04, in the 2021 Case. Baynes entered a not guilty plea at arraignment and bond was set at $30,000 cash or surety. As a condition of bond, Baynes was ordered to have no contact with the victim and was placed on Electronic Monitoring/House Arrest ("EMHA").[1] An amended indictment was filed on September 1, 2021, charging Baynes

---

1. Baynes's bond was modified to include work release on September 28, 2021.

Case Nos. 2024-P-0048, 2024-P-0053

with the same offenses as the original indictment. The amended indictment identified Baynes as being over the age of 18 and corrected the date of birth for the minor victim.

{¶6} On November 8, 2021, pursuant to a plea agreement, Baynes pleaded guilty to sexual battery, a third-degree felony, in violation of R.C. 2907.03(A)(7) and (B) as contained in the amended indictment. The State dismissed the remaining charge.

{¶7} Sentencing was held before Judge Pittman on January 24, 2022. The trial court sentenced Baynes to a prison term of 48 months. The trial court also determined Baynes was a Tier III sex offender and notified Baynes of his registration requirements. Upon release from prison, Baynes was advised that he would be subject to post release control. Baynes did not file a direct appeal of his conviction. (2021 Case, Dkt. 43).

{¶8} On November 28, 2022, Baynes filed his first motion for judicial release. The trial court denied the motion on January 9, 2023. Baynes filed a second motion for judicial release on April 10, 2023. On July 11, 2023, the trial court granted Baynes's second motion for judicial release and placed Baynes on community control. Baynes was placed in the Intensive Supervision Program ("ISP") for a period of 12 months and general supervision for 48 additional months, or until he satisfied all conditions of his community control.

{¶9} Less than a year later, on March 22, 2024, the Portage County Grand Jury indicted Baynes on one count of unlawful sexual conduct with a minor, a second-degree felony, in violation of R.C. 2907.04(A), in the 2024 Case. The date of the offense was on or about November 18, 2023, less than six months after Baynes was granted judicial release and placed on community control in the 2021 Case. Baynes entered a not guilty

Case Nos. 2024-P-0048, 2024-P-0053

plea at arraignment and bond was set at $75,000 cash or surety, with the condition that Baynes have no contact with the victim in the 2024 Case.

{¶10} On May 30, 2024, pursuant to a plea agreement, Baynes pleaded guilty to the indictment in the 2024 Case. A presentence investigation ("PSI") was ordered. Sentencing was held on July 15, 2024. The trial court sentenced Baynes to a minimum prison term of six years to a maximum prison term of nine years in the 2024 Case. The trial court further determined that Baynes was a Tier III sex offender registrant. The trial court stated that the sentence should be served consecutively and made the consecutive sentencing findings.

{¶11} Upon pleading guilty in the 2024 Case, a motion to revoke Baynes's community control sanctions was filed on June 12, 2024, in the 2021 Case. On July 19, 2024, four days after Baynes was sentenced by Judge Doherty in the 2024 Case, Judge Pittman terminated Baynes's judicial release in the 2021 Case, and imposed the balance of the prison term, approximately 31 months. The sentence imposed in the 2021 Case was ordered to be served consecutively to the term imposed in the 2024 Case. Neither Baynes, nor his defense counsel, objected to the sentence.

{¶12} Baynes now timely appeals.

**The Appeals**

{¶13} After filing these appeals, Baynes's original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there were no meritorious issues for appeal and that the appeals were wholly frivolous. Prior counsel identified two possible issues for review: (1) "did the trial court abuse its discretion when it imposed

consecutive sentences upon the appellant;" and (2) "did the trial court commit error by imposing indefinite sentences."

{¶14}   While these matters were pending, this court adopted a new local rule to prohibit the filing of no-merit briefs pursuant to *Anders*. Loc.R. 16(F). This court granted original appellate counsel's motion to withdraw. New counsel was appointed and was instructed to file a merit brief.

{¶15}   Baynes, through appointed counsel, now raises two assignments of error for review in his merit brief:

> [1.] The trial court committed plain error and an abuse of discretion when it sentenced the Defendant-Appellant at 2021 CR 651 to a reserved sentence *consecutive* to his sentence at 2024 CR 00224, when no prior notice was given at the time of sentence reservation that the same could occur. (T.d. 67).
>
> [2.] The trial court committed plain error and an abuse of discretion when it sentenced Defendant-Appellant to a sentence at 2021 CR 00651 that was to run *consecutive* to the sentence at 2024 CR 00224, when that court had previously ordered its sentence to run consecutive to the sentence at 2021 CR 00651.

(Emphasis in original.)

{¶16}   Both assignments of error raised by current appellate counsel  are related to the trial court's imposition of consecutive sentences. However, one sentence is a result of the trial court's revocation of judicial release, and the other was imposed at the initial sentencing upon conviction. As such, we address them separately.

*Revocation of Judicial Release in the 2021 Case*

{¶17}   In his first assignment of error, Baynes asserts that the sentence imposed in the 2021 case was contrary to law. Specifically, he alleges that the trial court was unable to sentence Baynes to a consecutive sentence without prior notice at the time of

Case Nos. 2024-P-0048, 2024-P-0053

the reservation of the sentence that the trial court could impose consecutive sentences if he violated his community control.

{¶18} Generally, R.C. 2953.08(G) governs our review of felony sentences. *State v. Lamb*, 2023-Ohio-2834, ¶ 9 (11th Dist.), quoting R.C. 2953.08(G)(2)(b), citing *State v. Meeks*, 2023-Ohio-988, ¶ 11 (11th Dist.). *See State v. Glover,* 2024-Ohio-5195. However, several Ohio appellate courts, including this court, "have held that a trial court's decision to revoke community control following judicial release under R.C. 2929.20(K) for failure to comply with its terms is a decision to be reviewed on appeal for an abuse of discretion." *State v. Zampini-Solarek*, 2024-Ohio-1532, ¶ 18 (11th Dist.), citing *State v. Barefield*, 2023-Ohio-115, ¶ 25 (12th Dist.); *State v. Arm*, 2014-Ohio-3771, ¶ 22 (3d Dist.); *State v. Woody*, 2021-Ohio-3861, ¶ 18 (6th Dist.); *State v. Sanchez*, 2021-Ohio-1593, ¶ 16 (8th Dist.). As Baynes's first assignment of error relates to the sentence imposed upon the revocation of judicial release, the appropriate standard of review on appeal is abuse of discretion. Neither Baynes nor his defense counsel objected at the sentencing hearing, therefore, Baynes has waived all but plain error. Crim.R. 52(B).

{¶19} R.C. 2929.20(K) provides in relevant part:

> If the court grants a motion for judicial release under this section, the court shall order the release of the eligible offender or state of emergency-qualifying offender, shall place the offender under an appropriate community control sanction, under appropriate conditions, and under the supervision of the department of probation serving the court and shall reserve the right to reimpose the sentence that it reduced if the offender violates the sanction. If the court reimposes the reduced sentence, it may do so either concurrently with, or consecutive to, any new sentence imposed on the eligible offender or state of emergency-qualifying offender as a result of the violation that is a new offense.

Case Nos. 2024-P-0048, 2024-P-0053

{¶20}   On July 10, 2023, after serving approximately 17 months of his 48-month sentence, the trial court held a hearing on Baynes's second motion for judicial release. At the hearing on the motion for judicial release, the trial court told Baynes that he would be kept "under strict confines" and granted him judicial release. The trial court placed Baynes on 12 months of ISP, and 48 months of basic probation.   The trial court further required that Baynes obtain full-time employment and have no contact with the victim in the 2021 Case. Baynes indicated to the trial court that he understood and had no questions for the court.

{¶21}   Approximately six months after he was granted judicial release in the 2021 Case, Baynes was indicted in the 2024 Case and a motion to revoke his judicial release was filed. During the revocation hearing, it was uncontested that Baynes pleaded guilty and was convicted in the 2024 Case of unlawful sexual conduct with a minor, a second-degree felony, in violation of R.C. 2907.04(A). The trial court revoked Bayne's judicial release and reimposed the balance of the previously imposed 48-month sentence. The trial court additionally made the consecutive findings under R.C. 2929.14(C) and ordered the sentence to be served consecutively to the prison term imposed in the 2024 Case.

{¶22}   Baynes asserts that his sentence is contrary to law because the trial court failed to advise him, at the time he was granted judicial release, that the reimposed sentence could be ordered to be served consecutively to a sentence imposed for a new offense. Baynes relies on the Ohio Supreme Court's ruling in *State v. Jones*, 2022-Ohio-4485, which addresses community control. Specifically, the Ohio Supreme Court concluded that "when a court revokes community control, it may require that the reserved prison term be served consecutively to any other sentence then existing or then being

Case Nos. 2024-P-0048, 2024-P-0053

imposed but only if at the time it imposed community control, it notified the offender that a consecutive sentence on revocation of community control was a possibility." *Jones* at ¶ 2. However, judicial release and community control are different legal mechanisms outlined in separate statutes. *Compare* R.C. 2929.15 *with* R.C. 2929.20. Unlike R.C. 2929.15, R.C. 2929.20(K) specifically provides that a trial court, upon the revocation of *judicial release,* may order the reserved prison term to be served consecutively to a new sentence.

{¶23} At least one appellate district has determined that *Jones* is inapplicable to cases where a sentence is imposed upon a violation of judicial release. *State v. Collins*, 2025-Ohio-1230 (4th Dist.). In *Collins,* the Fourth District Court of Appeals found "no such requirement to notify an offender who is being released according to judicial release (where an original sentence is simply being reimposed) that a potential consequence is a consecutive sentence if he commits a new offense while on judicial release." *Id.* at ¶ 21 (4th Dist.). R.C. 2929.20(K) explicitly provides for the potential imposition of a consecutive sentence when a trial court reimposes a reserved prison term upon a violation of judicial release. Therefore, as the Fourth District Court of Appeals in *Collins*, we conclude that while it may be preferred, a trial court is not required to advise a defendant that the reimposed prison term may be ordered to be served consecutively to a new sentence at the time the defendant is judicially released. Accordingly, the holding in *Jones* is inapplicable to this case.

{¶24} The trial court was statutorily authorized to reimpose the prison term and order the sentence to be served consecutively to the new prison term imposed in the 2024

Case Nos. 2024-P-0048, 2024-P-0053

Case pursuant to R.C. 2929.20(K). As such, the trial court did not err or otherwise abuse its discretion, and Baynes's first assignment of error is without merit.

*Sentencing in the 2024 Case*

{¶25} In his second assignment of error, Baynes contends that the consecutive sentences imposed in the 2021 Case and the 2024 Case were contrary to law. Baynes asserts that the judgment entries in the 2021 Case and the 2024 Case contradict each other.

{¶26} "R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law.'" *Lamb*, 2023-Ohio-2834, at ¶ 9 (11th Dist.), citing *Meeks*, 2023-Ohio-988, at ¶ 11 (11th Dist.). *See Glover,* 2024-Ohio-5195, ¶ 40. "'[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.'" *Lamb* at ¶ 10, quoting *State v. Shannon*, 2021-Ohio-789, ¶ 11 (11th Dist.).

{¶27} As this court recognized in *State v. Feidler*, 2024-Ohio-2040 (11th Dist.):

> The Supreme Court of Ohio has held that while "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified."

*Feidler* at ¶ 10, *appeal not accepted*, 2024-Ohio-4501, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 28. While R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12, the trial court's imposition of consecutive sentencing is reviewable under R.C. 2953.08(G)(2).

{¶28} If a sentencing court concludes that "'it is 'necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public,'" and also finds any of the R.C. 2929.14(C)(4)(a)-(c) factors are present, the court may impose consecutive sentences upon the offender. *State v. Campbell*, 2023-Ohio-4597, ¶ 11 (11th Dist.). "To impose consecutive terms, the court 'is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry.'" *Id.*, quoting *State v. Elliott*, 2023-Ohio-412, ¶ 9 (11th Dist.), citing *State v. Bonnell*, 2014-Ohio-3177, ¶ 37.

{¶29} R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶30} When imposing consecutive sentences, "'a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.'" *State v. Passalacqua*, 2023-Ohio-3525, ¶ 27 (11th Dist.), quoting *Bonnell* at ¶ 37. "The trial court is not required 'to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.' [*Bonnell* at ¶ 37]. Otherwise, 'the imposition of consecutive sentences * * * is contrary to law.' *Id*." *Passalacqua* at ¶ 27.

{¶31} It is undisputed that the trial court's indefinite sentence is within the statutory range for the second-degree felony. The Supreme Court of Ohio upheld the constitutionality of indefinite sentencing in *State v. Hacker*, 2023-Ohio-2535. Baynes did not object to the imposition of the indefinite sentence and there was no obvious error in the proceedings that would constitute plain error. Moreover, the trial court made the required findings pursuant R.C. 2929.14(C). When making the consecutive findings on the record, the court below also repeatedly emphasized that it was unsure of its authority to do so. Baynes argues that the trial court's sentence was contrary to law because the sentence in the 2024 Case was ordered to be served consecutively to the 2021 Case prior to the trial court sentencing him in the 2021 Case.

{¶32} A court cannot order a sentence "to be served consecutively with any future sentence to be imposed" since "such a sentence interferes with the discretion granted the second trial judge to fashion an appropriate sentence or sentences." *State v. White*, 18 Ohio St.3d 340, 342-343, (1985); *see State v. Moore*, 2017-Ohio-7024, ¶ 55 (11th Dist.), citing *White* (finding that a trial court cannot order a sentence to be served consecutively with a future federal sentence). Therefore, because the sentence in the 2024 Case predates the sentence imposed in the 2021 Case, the sentence in the 2024 Case could not be ordered to be served consecutively.

{¶33} However, such conclusion offers Baynes no relief in this case. R.C. 2929.14(C)(10) provides:

> When a court sentences an offender to a non-life felony indefinite prison term, any definite prison term or mandatory definite prison term previously *or subsequently imposed* on the offender in addition to that indefinite sentence that *is required to be served consecutively to that indefinite sentence shall be served prior to the indefinite sentence*.

(Emphasis added.)

{¶34} Thus, upon the reimposition of the remaining prison term in the 2021 Case, which was ordered to be served consecutively in accordance with R.C. 2929.20(K), the sentence imposed in the 2021 Case, by operation of law, was required to be served prior to and consecutively to the sentence imposed in the 2024 Case. R.C. 2929.14(C)(10). Accordingly, Baynes's second assignment of error is without merit.

**Conclusion**

{¶35}   None of Baynes's assignments of error raised in his brief or those identified by prior appellate counsel in counsel's *Anders* brief have merit. For the reasons set forth above, we affirm the judgments of the Portage County Court of Common Pleas.

JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case Nos. 2024-P-0048, 2024-P-0053

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit.  It is the judgment and order of this court that the judgments of the Portage County Court of Common Pleas are affirmed.

Costs to be taxed against appellant.

_____
JUDGE ROBERT J. PATTON

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case Nos. 2024-P-0048, 2024-P-0053