OPINION
{¶ 1} Defendant-appellant, Dean Morrison, appeals the Judgment Entry of the Trumbull County Court of Common Pleas, in which Morrison pled guilty to Aggravated Burglary, Kidnapping, Aggravated Robbery, and two counts of Felonious Assault. For the following reasons, we affirm the decision of the trial court. *Page 2 
 {¶ 2} After arraignment, Morrison was asked by the investigating officers in the case to give a statement. Although his counsel advised him not to, Morrison agreed to speak with Officers Sofchek and Hovis. His attorney was present during his statement in which he admitted to entering the house of Mrs. Parks with his co-defendant, Daniel Rachel, without Parks' permission. He further told the officers that he and Rachel had planned to take $400,000 from Parks' house, which Rachel learned from Park's daughter (or daughter-in-law), was hidden in the home. In preparation, the men had visited the house twice before and purchased duct tape in order to restrain Parks during the robbery. On October 31, 2006, Morrison and Rachel entered Parks' house, attempted to restrain Parks, and were interrupted by her son, Bruce Parks. Bruce stabbed both Morrison and Rachel in an attempt to save his mother. There was a struggle: Parks was hitting the men with a broom handle; Morrison was hitting Bruce with what he claimed was the "extension of a sweeper"; and Rachel and Bruce were fighting on the floor. Finally, Morrison yelled "Truce!" and the four stopped. Morrison and Rachel fled the scene and were apprehended a short time later.
 {¶ 3} Morrison was indicted on five counts on November 15, 2006. On January 17, 2007, he filed a Motion to Suppress, claiming that his statement was involuntary. A competency evaluation was ordered and the court found Morrison was competent to stand trial. At the hearing on the Motion to Suppress, Morrison requested a continuance to allow him to find new counsel. The trial court told Morrison that he had been "advised * * * in the past [that his current attorney] is [Morrison's] attorney until such time as [he can] retain some other attorney" and at that point, Morrison had yet to obtain a different counsel. The court proceeded to overrule Morrison's motion, stating that "we've reset this on many different occasions here as a result of Mr. Morrison's *Page 3 
requests, and it's time to go forward with this hearing at this stage." Officers Sofckek and Hovis testified at the hearing, while Morrison presented no testimony on his behalf. The Motion was denied and Morrison subsequently pled guilty to all five counts. He was sentenced to a total of sixteen years of imprisonment, plus costs, and five years post release control.
 {¶ 4} Morrison timely appeals and raises the following assignment of error:
 {¶ 5} "[1.] The trial court abused its discretion in failing to grant Appellant's motion for continuance of the hearing on his motion to suppress."
 {¶ 6} In their appellate brief, the State argues that Morrison has waived this issue for the purposes of appeal. We agree.
 {¶ 7} "Once a guilty plea is offered and accepted in a trial court and judgment is rendered on the basis of that guilty plea, the ability to challenge the judgment on appeal is severely limited. A party who has entered a plea of guilty may only appeal: (1) a lack of subject matter jurisdiction of the court which accepted the plea; or (2) the lack of voluntary plea, i.e., the plea was not made knowingly, voluntarily or intelligibly as required by Crim. R. 11." State v. Bronaka, 11th Dist. No. 2007-L-095, 2008-Ohio-1334, at ¶ 15 (citations omitted). As a general proposition, the Supreme Court of Ohio has stated that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." State v. Spates, 64 Ohio St.3d 269, 272,1992-Ohio-130 (citation omitted). Consequently, if a criminal defendant admits his guilt in open court, he waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceeding unless it affected the knowing and voluntary character of the plea. This also includes a waiver of any action which may have *Page 4 
resulted in a "deprivation" of a constitutional right that did not affect the knowing and voluntary character of the plea. Id.
 {¶ 8} Morrison asserts that his waiver of Miranda rights was not voluntary based upon his state of mind at the time his statement was given. Therefore, he argues that the court erred by denying his motion for a continuance to further investigate his claims prior to the suppression hearing. Morrison does not claim that the knowing and voluntary character of his guilty plea was affected; he focuses solely on the denial of his motion for continuance.
 {¶ 9} Approximately one month after the suppression hearing, Morrison entered a voluntary plea of guilty on all five charges while being represented by counsel. The trial judge explained to Morrison that by making a guilty plea he was waiving his right to appeal. After a discussion with counsel, Morrison confirmed to the court that he understood the implications of entering a guilty plea. The record indicates that Morrison's guilty plea was knowing and voluntary. Therefore, Morrison has waived his rights to appeal on the issue of whether or not the trial court abused its discretion in failing to grant his motion for continuance.
 {¶ 10} Morrison's assignment of error is without merit.
 {¶ 11} For the foregoing reasons, the Judgment Entry of the Trumbull County Court of Common Pleas, sentencing Morrison to a sixteen year term of imprisonment, is affirmed. Costs to be taxed against appellant.
CYNTHIA WESTCOTT RICE, J., concurs,
 COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1