[Cite as *State v. Boone*, 2024-Ohio-6116.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

HEATHER M. BOONE,

        Defendant-Appellant.

CASE NO. 2024-P-0025

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2023 CR 00644 D

**O P I N I O N**

Decided: December 31, 2024
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, 50 South Main Street, Suite 625, Akron, OH 44308 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Heather Boone ("appellant"), appeals from the judgment of the Portage County Court of Common Pleas sentencing her to an aggregate sentence of a minimum of 33 years to a maximum of 37 years upon conviction of four counts of endangering children, sexual battery, and attempted rape.

{¶2} Appellant was faced with eight counts of rape, some of which carried a potential sentence of life without the possibility of parole. In exchange for her plea, wherein she agreed to testify against her co-defendant, the State offered a reduced number of charges. The amended charges did not include a potential life sentence.

Appellant knowingly, intelligently, and voluntarily pled guilty to amended charges. While appellant's plea did not include a recommended sentence, appellant's trial counsel was not ineffective for failing to seek a recommended sentence that would have been equal to or less than the sentence imposed upon conviction of her co-defendant.

{¶3} The individual sentences imposed by the trial court were within the statutory range and not otherwise contrary to law. The trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. The trial court made the consecutive findings as required by R.C. 2929.14(C)(4). While appellant may have received a longer sentence than the sentence imposed on her co-defendant, there is no requirement that co-defendants receive equal sentences.

{¶4} As such, we affirm the judgment of the Portage County Court of Common Pleas.

### Substantive and Procedural History

{¶5} On June 9, 2023, the Portage County Grand Jury returned an eight-count indictment charging appellant with five counts of rape, first-degree felonies, in violation of R.C. 2907.02(A)(1)(b) (Counts 1, 2, 3, 4, and 5), and three counts rape, first-degree felonies, in violation of R.C. 2907.02(A)(2) (Counts 6, 7, and 8).

{¶6} On June 21, 2023, appellant entered not guilty pleas to the offenses at arraignment. Bond was set at $1,000,000 cash or surety with the condition that appellant have no contact with the victim or the co-defendant.

{¶7} That same day, appellant appeared with counsel, waived her rights, and entered a plea of guilty to an amended indictment of four counts of endangering children,

2

second-degree felonies, in violation of R.C.2919.22 (Counts 1, 2, 3, and 4); sexual battery, a third degree felony, in violation of R.C. 2907.03 (Count 5); and attempted rape, a second degree felony, in violation of R.C. 2907.02 and R.C. 2923.02 (Count 7). The remaining charges were dismissed. The plea agreement also contained the following statement: "[Appellant] to turn state's evidence, and testify truthfully against the Co-Defendant, State will indicate her level of cooperation to the sentencing court, no deals given to this Defendant, other than PR bond pending PSI, so state has access to Defendant for trial preparation." Dkt. 29, p. 4. A presentence investigation ("PSI") was ordered.

{¶8} In consideration of the plea, the trial court modified appellant's bond to a $1,000,000 personal recognizance bond with electronic monitoring and with the condition that appellant have no contact with the victim. Dkt.58, p.17-18.

{¶9} On February 7, 2024, appellant filed a motion for a mental health evaluation to assist the trial court in determining an appropriate sentence. The trial court granted the motion on February 14, 2024.

{¶10} A sentencing hearing was held on March 18, 2024. As a result of appellant's plea, there are limited facts presented in the record on the underlying offenses to which appellant is convicted. However, the State offered the following at the sentencing hearing:

> Judge, this is such a horrifying case involving sexual abuse. This abuse occurred over a ten-year period. The child, [S.B], it occurred when she was five years old through the period of her being 15 years old.
>
> Judge, basically, this woman served up her child to her boyfriend. And she, too, in concert with her co-defendant, raped this child. This child was basically a sex slave to this couple. This abuse occurred not just one time, but almost daily over a period of ten years, When I asked her why would she

3

do this, she said, well, you have to understand, I'm a heavy girl and this was a way that I could keep my boyfriend. So in [appellant's] mind, it wasn't threats. It was more of her fear of not having the [co-]Defendant in her life . . . This is extremely concerning, Your Honor. This whole case has been so troubling. Even today the State has found out more information, [S.B.] has come today and she wishes to address the Court.

Your Honor, I would just ask that the Court -- it is true that [appellant] did cooperate with the State. And if it wasn't for, you know, the keen interview that was done by our Investigator Johnson, we may not fully understand what the whole truth was of this case.

Dkt. 59, p. 6-7.

{¶11} The trial court sentenced appellant to: an indefinite term of a minimum of eight years to a maximum of twelve years on Count 1 as amended; an indefinite term of a minimum of five years to a maximum of seven and one-half years on Count 2 as amended; an indefinite term of a minimum of five years to a maximum of seven and one-half years on Count 3 as amended; an indefinite term of a minimum of five years to a maximum of seven and one-half years on Count 4 as amended; a term of 60 months on Count 5 as amended; and, an indefinite term of a minimum of five years to a maximum of seven and one-half years on Count 7 as amended. The trial court ordered that all sentences be served consecutively for an aggregate sentence of a minimum of 33 years to a maximum of 37 years plus fines and costs. Appellant was also informed of her duty to register as a Tier III sex offender.

{¶12} Appellant timely appeals and raises three assignments of error for review.

[1.] "Heather's plea was not knowingly, intelligently, or voluntarily made."

[2.] "Heather received ineffective assistance of counsel when entering her plea."

4

Case No. 2024-P-0025

[3.] "Heather was sentenced contrary to law."

**Crim.R. 11 – Change of Plea**

{¶13} In her first assignment of error, appellant asserts that her plea was not knowingly, intelligently, or voluntarily entered. We disagree.

{¶14} Specifically, appellant argues that inherent in the plea agreement was "the implication that she would receive equal to or less time than the person who actually perpetrated the conduct."

{¶15} "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Veney*, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Crim.R. 11 was adopted in 1973, giving detailed instruction to trial courts on the procedure to follow when accepting pleas." *Veney* at ¶ 7. Crim.R. 11 "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of [her] rights and the consequences of [her] plea and determine if the plea is understandingly and voluntarily made.'" *State v. Dangler*, 2020-Ohio-2765, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, (1975). "This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11." *State v. Willard*, 2021-Ohio-2552, ¶ 51 (11th Dist.), citing *State v. Dundics*, 2016-Ohio-1368, ¶ 10 (11th Dist.).

{¶16} Crim.R. 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of guilty
> or a plea of no contest, and shall not accept a plea of guilty or
> no contest without first addressing the defendant personally

5

either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶17} When a defendant challenges his plea to a felony, a reviewing court engages in a three-prong inquiry: "(1) has the trial court complied with the relevant provision of [Crim.R. 11(C)(2)]? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Dangler* at ¶ 17.

{¶18} Upon review of the record, the trial court complied with the provisions of Crim.R. 11. The trial court addressed appellant personally. Dkt. 58, p. 3. The trial court detailed the nature of the charges. Dkt. 58, p. 6. Appellant repeatedly indicated that she understood the charges. The trial court then explained the effect of a guilty plea and the rights that appellant would be waiving by pleading guilty to the offenses, including her rights to jury trial, to confront witnesses against her, to have compulsory process for

6

obtaining witnesses in the defendant's favor, and to require the State to prove appellant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against herself. Dkt. 58, p. 12-13.

{¶19} The trial court also explained the maximum penalty involved and the application of indefinite sentences pursuant to the Reagan Tokes Act. Dkt. 58, p. 5-10. The trial court also advised appellant of her sexual offender registration duties and that the trial court could proceed with judgment and sentence. Dkt.58, p. 6-7, 12.

{¶20} Appellant acknowledged that she was entering her plea freely and voluntarily without coercion. Dkt. 58, p. 14. After completion of the colloquy, appellant pleaded guilty to each of the six charges. Dkt. 58, p. 15-16. This agreement, including the above advisements, were also memorialized in a written plea agreement which was signed and acknowledged by appellant. Dkt. 29, Dkt. 58, p. 14.

{¶21} As a condition of her plea, appellant agreed to testify against the co-defendant in this case. Appellant asserts that it was implicit in the agreement that she would receive a lesser sentence than her co-defendant because of her assistance. Her claim is belied by the record in this case.

{¶22} At the plea hearing, the State made the following representations:

> It is my understanding that [appellant] will be turning State's evidence and testifying truthfully against the co-Defendant.
>
> I want to make it clear, too, that certainly the court will see your level of cooperation, but the State will not be, you know, supporting you in any way. The only consideration the State is giving you at this time is allowing you to be on house arrest during the pendency of this case.
>
> …
>
> [The State] will be seeking time.

7

Case No. 2024-P-0025

Dkt. 58, p. 2-3.

{¶23} The trial court also addressed appellant regarding the State's representation.

> The Court: Ma'am, you understand that the consideration you're getting from the prosecutor are some reduced charges, but you're gonna have to cooperate fully with them?
>
> [Appellant]: And I am. Your Honor, I'm gonna cooperate 100 to 1,000 percent with the prosecutor and State.
>
> The Court: And you understand there are no guarantees here?
>
> [Appellant]: I know.
>
> The Court: You're looking at over forty years in prison.
>
> [Appellant]: I know.

Dkt. 58, p. 5-6.

{¶24} Contained in the signed, written plea, there is the following notation: "…no deals given to this Defendant, other than PR bond pending PSI, so state has access to Defendant for trial preparation." Dkt. 29.

{¶25} The record indicates that the trial court complied with the Crim. R. 11 mandates. It is also clear from the record that appellant was well aware of the potential sentences she was facing at the time of her plea. She indicated that no promises or threats were made to coerce her plea in this case. Dkt. 48, p. 14-15. It was clear that in exchange for her plea, there would be a reduction of the number of charges and that the amended charges would not include a life sentence without the possibility of parole as a potential sentence. As such, appellant has not demonstrated that her plea was not

8

knowingly, intelligently, and voluntarily given. Appellant's first assignment of error is without merit.

## Ineffective Assistance of Counsel

{¶26} In her second assignment of error, appellant alleges she received ineffective assistance of counsel during her plea. Specifically, appellant argues that her counsel was ineffective for failing to argue for a provision that appellant be sentenced to a term of prison equal to or less than a prison sentence imposed upon conviction of her co-defendant.

{¶27} "To establish ineffective assistance of counsel, [a defendant] must show (1) that counsel's performance was deficient, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's deficient performance prejudiced the defendant, i.e., that there is a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Drain*, 2022-Ohio-3697, ¶ 36 citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).

{¶28} A guilty plea precludes an appeal for ineffective assistance of counsel, "'except to the extent that the errors precluded the defendant from knowingly, intelligently, and voluntarily entering his or her guilty plea.'" *State v. Cleavenger*, 2020-Ohio-73, ¶ 18 (11th Dist.), quoting *State v. Talley*, 2018-Ohio-5065, ¶ 32 (11th Dist.).

> "As a general proposition, the Supreme Court of Ohio has stated that 'a guilty plea represents a break in the chain of events which has preceded it in the criminal process.'" *[State v. Morrison,* 2009-Ohio-291 ¶ 7 (11th Dist.)], quoting *State v. Spates*, 64 Ohio St.3d 269, 272, 1992-Ohio-130 (citation omitted). "Consequently, if a criminal defendant admits his guilt in open court, he waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceeding unless it affected the knowing and voluntary character of the plea. This also includes a waiver of

9

any action which may have resulted in a 'deprivation' of a constitutional right that did not affect the knowing and voluntary character of the plea." *Id.* (Citation omitted).

"The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is *not* sufficient to establish the requisite connection between guilty plea and the ineffective assistance. *** Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." *State v. Bean*, 11th Dist. No. 2008-G-2839, 2009-Ohio-682, at ¶ 11, citing *State v. Madeline*, 2002-Ohio-1332, 2002 Ohio App. LEXIS 1348 at *10 (citations omitted); *State v. Smith*, 11th Dist. No. 2007-T-0076, 2008-Ohio-1501, at ¶ 27 (citation omitted).

(Emphasis in original.) *State v. Davies*, 2009-Ohio-2793, ¶ 8-9 (11th Dist.).

{¶29} "To prevail on an ineffective assistance of counsel claim in such circumstances, the defendant must show that he was prejudiced by demonstrating a reasonable probability that but for counsel's errors, he would not have pled guilty to the charged offenses and would have instead insisted on going to trial." *State v. Hogya*, 2024-Ohio-639, ¶ 23 (11th Dist.), citing *State v. Hatcher*, 2023-Ohio-3884, ¶ 24 (8th Dist.).

{¶30} Appellant argues that her counsel was ineffective for failing to bargain for a provision that upon conviction, she would receive a sentence equal to or less than the sentence imposed on the co-defendant. It is clear from the plea hearing and the written plea that appellant was well aware at the time of her plea she faced a potential prison sentence of "over forty years." The appellant opted to plead guilty, knowing that was a possibility. Moreover, even if counsel did obtain a recommended sentence, "[i]t is well-established that 'trial courts may reject plea agreements and that they are not bound by a jointly recommended sentence.'" *State v. Manyo*, 2023-Ohio-267, ¶ 20, quoting *State v. Underwood*, 2010-Ohio-1, ¶ 28.

10

Case No. 2024-P-0025

**{¶31}** Appellant's trial counsel did negotiate a plea with a reduced number of charges which removed the possibility of a life sentence. Appellant cannot demonstrate prejudice due to trial counsel's failure to obtain a recommended prison sentence that was less than her co-defendant's. As such, appellant's second assignment of error is without merit.

## R.C. 2053.08(G) - Sentencing

**{¶32}** In appellant's third and final assignment of error, she argues that her sentence is contrary to law. We disagree. Specifically, appellant argues that the trial court's imposition of consecutive sentences was improper and that her sentence is disproportionate to the co-defendant's.

**{¶33}** "R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand . . . if it clearly and convincingly finds . . . [t]hat the sentence is . . . contrary to law.' " *State v. Lamb*, 2023-Ohio-2834, ¶ 9 (11th Dist.), citing R.C. 2953.08(G)(2)(B); *State v. Meeks*, 2023-Ohio-988, ¶ 11 (11th Dist.). *See also State v. Gwynne*, 2023-Ohio-3851. " '[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.' " *Lamb* at ¶ 10, quoting *State v. Shannon*, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶ 11.

11

Case No. 2024-P-0025

**{¶34}** Appellant does not argue that the trial court's individual sentences are contrary to law. Indeed, the record indicates that the trial court's sentences imposed were within the statutory range.

**{¶35}** Regarding the imposition of consecutive sentences, "[t]he Supreme Court of Ohio has held that while 'R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that "the record does not support the sentencing court's findings under" certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified.'" *State v. Feidler*, 2024-Ohio-2040, ¶ 10 (11th Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 28. While R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12, the trial court's imposition of consecutive sentencing is reviewable under R.C. 2953.08(G)(2).

**{¶36}** "A court may order consecutive prison terms if it finds it is 'necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public,' and finds any of the R.C. 2929.14(C)(4)(a)-(c) factors are present." *State v. Campbell*, 2023-Ohio-4597, ¶ 11 (11th Dist.). "To impose consecutive terms, the court 'is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry.'" *Id.*, quoting *State v. Elliott*, 2023-Ohio-412, ¶ 9 (11th Dist.).

12

Case No. 2024-P-0025

{¶37}  R.C. 2929.14(C)(4) states:

 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶38}  When imposing consecutive sentences, "'a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.'" *State v. Passalacqua*, 2023-Ohio-3525, ¶ 27 (11th Dist.), quoting *State v. Bonnell*, 2014-Ohio-3177, ¶ 37. "The trial court is not required 'to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.' [*Bonnell* at ¶ 37]. Otherwise, 'the imposition of consecutive sentences . . . is contrary to law.' *Id.*" *Passalacqua* at ¶ 27.

13

Case No. 2024-P-0025

{¶39} The trial court made the following findings at the sentencing hearing:

> [T]he Court must consider the overriding principles of 2929.19. The first consideration is to protect the public from future crimes by the Defendant and others like the Defendant. The second is to fairly punish the Defendant using the minimum sanctions the Court determines establishes that purpose without imposing an unnecessary burden on the State or local resources.
>
> The Court understands and has taken into consideration the need for incapacitating the Defendant, deterring the Defendant and others from future crimes, rehabilitating the Defendant, making restitution to the victim. . .or the public or both.
>
> Weighing all the factors, a prison term is consistent with the purpose and principles of 2929.19, and the Defendant is not amendable to community control sanctions.

Dkt. 59, p. 15.

{¶40} The Court also made the following findings regarding consecutive sentencing:

> The Court finds that consecutive sentences are necessary to protect the public from future crime and to fairly punish the Defendant. Consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct, and to the danger the Defendant poses to the public.
>
> At least two or more of the offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term adequately reflects the seriousness of the conduct.

Dkt. 59, p. 16-17.

{¶41} These findings were incorporated into the sentencing entry. Dkt. 40. As such, the trial court made the necessary findings to impose consecutive sentences in accordance with R.C. 2929.14(C). The Ohio Supreme Court has made it clear that "an

14

appellate court is directed that it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences." *State v. Gwynne*, 2023-Ohio-3851, ¶ 15 (plurality). *See also State v. Glover*, 2024-Ohio-5195. The trial court's findings are supported by the record. Therefore, the trial court's imposition of consecutive sentences complies with R.C. 2929.14(C)(4) and the sentences are not otherwise contrary to law. The trial court made the appropriate considerations, and we cannot say the record creates a firm belief or conviction that the trial court's findings are not so supported.

{¶42} Appellant further argues that her sentence is contrary to law because the co-defendant received a shorter sentence.[1] Appellant's argument appears to take issue with the trial court's consistency determination pursuant to R.C. 2929.11.

{¶43} "'For purposes of R.C. 2929.11(B), 'consistency' relates to the sentences in the context of sentences given to other offenders; 'proportionality' relates solely to the punishment in the context of the offender's conduct (does the punishment fit the crime).' *State v. Arnold*, 2024-Ohio-4503, ¶ 9 (2d Dist.) quoting *State v. Williamson,* 2024-Ohio-1599 ¶ 19 (10th Dist.). *See also State v. Moore,* 2014-Ohio-5135, ¶ 17 (8th Dist.).

{¶44} "There is no requirement that co-defendants receive equal sentences. A trial court possesses wide discretion to sentence felony offenders, provided it is within the purview of R.C. 2929.11(B). Thus, as long as an offender's sentence is consistent with sentences imposed for similar crimes committed by similar offenders, it is not discriminatory." *State v. Lloyd*, 2003-Ohio-6417, ¶ 21 (11th Dist.). *See also State v.*

---

1. The co-defendant, Steven A. Carswell, entered a guilty plea to four counts of endangering children, second-degree felonies, and four counts of rape, first-degree felonies and received an aggregate indefinite prison sentence of 19 to 24 and one-half years.

Case No. 2024-P-0025

*Pierce*, 2024-Ohio-82, ¶ 60 (4th Dist.), *State v. Harris*, 2020-Ohio-4600, ¶ 40 (5th Dist.), *Williamson* at ¶ 22.

**{¶45}** As noted above, we have limited facts in the record of the underlying offenses, including the co-defendant's involvement in these offenses. However, the State's recitation of some of the underlying facts at sentencing as well as the PSI report prepared in this case, does provide some of the harrowing details of the offenses and the actions of appellant. The facts demonstrate that appellant not only facilitated the abuse upon the victim, who is also her daughter, but that appellant actively participated in the abuse. Appellant did not turn a blind eye to the offenses, she engaged in them. Also within the PSI were statements by appellant, post-guilty plea, that showed little to no remorse for her actions. Instead, appellant minimized her involvement, blamed the victim, and failed to take responsibility. Despite her admission and her statements that she apologized to S.B. at sentencing, appellant again attempted to minimize her involvement, stating "I wasn't molesting her for the whole ten years." Dkt, 59, p. 11.

**{¶46}** A trial court has "full discretion to impose a prison sentence within the applicable sentencing range." *State v. Foster*, 2006-Ohio-856, ¶ 100. Upon review, the trial court clearly considered and applied the R.C. 2929.11 and 2929.12 sentencing factors when it determined appellant's sentence. While appellant may be dissatisfied that the term of prison imposed upon her is lengthier than that of her co-defendant, she has failed to establish that the trial court did not consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. As such, appellant's third and final assignment of error is without merit.

Case No. 2024-P-0025

{¶47} For the reasons set forth above, the judgment of the Portage County Court of Common Pleas is affirmed.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2024-P-0025