[Cite as *State v. Martinez-Rios*, 2025-Ohio-4785.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>       Plaintiff-Appellee,<br><br>- vs -<br><br>HECTOR Y. MARTINEZ-RIOS,<br><br>       Defendant-Appellant. | **CASE NO. 2025-L-035**<br><br>Criminal Appeal from the<br>Court of Common Pleas<br><br>Trial Court No. 2024 CR 000872 |

## OPINION AND JUDGMENT ENTRY

Decided: October 20, 2025
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Allison F. Hibbard*, 4403 St. Clair Avenue, Cleveland, OH 44103 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Hector Martinez-Rios, appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to an aggregate prison term of 80 months for five counts of Unlawful Sexual Conduct with a Minor. For the following reasons, we affirm the judgment of the lower court.

{¶2} On October 10, 2024, the Lake County Grand Jury indicted Martinez-Rios for 17 counts of Unlawful Sexual Conduct with a Minor, felonies of the fourth degree in violation of R.C. 2907.04(A).

{¶3} The court held a change of plea hearing on December 20, 2024. Martinez-

Rios entered guilty pleas to five counts of Unlawful Sexual Conduct with a Minor and a *nolle prosequi* was entered on the remaining counts. The State contended that, had the matter proceeded to trial, it would have proven that Martinez-Rios, who was 21, engaged in sexual conduct with a 14-year-old family friend.

{¶4} At the sentencing hearing, defense counsel asserted that while the conduct here was "obviously unacceptable," Martinez-Rios "comes from a different culture, [and it was] not necessarily obvious to him." He indicated that Martinez-Rios and the victim's families were friends and attended the same church. Martinez-Rios stated that he was remorseful and did not want to harm anyone. The prosecutor indicated that the families' relationship had facilitated the offenses. The prosecutor stated that the victim suffered psychological and physical harm from the sexual acts and Martinez-Rios had once grabbed her throat during an argument.

{¶5} The court expressed concern that Martinez-Rios had initially denied the offenses when questioned and made statements that "seem[ed] to put a lot of the responsibility not only on the victim but on the victim's family and very little upon" himself. It noted the physical and mental injuries suffered by the victim as well as her age. It found that Martinez-Rios' conduct was "predatory" and he took advantage of the victim. It also observed Martinez-Rios' lack of a criminal record. The court stated that it considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. It ordered Martinez-Rios to serve consecutive terms of 16 months on each count for a total prison term of 80 months.

{¶6} Martinez-Rios timely appeals and raises the following assignment of error:

{¶7} "The trial court's sentence was contrary to law."

{¶8} Martinez-Rios argues that his sentences were contrary to law due to the

Case No. 2025-L-035

trial court's failure to consider the relevant sentencing factors.

**Review of Felony Sentences**

{¶9} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence . . . given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing . . . if it clearly and convincingly finds . . . [t]hat the sentence is . . . contrary to law." *Id.*; *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

{¶10} "[A] sentence is contrary to law . . . if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citations omitted.) *State v. Boone*, 2024-Ohio-6116, ¶ 33 (11th Dist.). R.C. 2929.11(A) provides that a sentencing court shall be guided by the purposes of sentencing, which include protecting the public, punishing the offender, and promoting rehabilitation using the "minimum sanctions" that accomplish these purposes without imposing an unnecessary burden on government resources. R.C. 2929.12(A) provides the sentencing court with discretion to "determine the most effective way to comply with the purposes and principles of sentencing." In exercising its discretion, the court shall consider factors "relating to the seriousness of the conduct [and] . . . the likelihood of the offender's recidivism," which are set forth in R.C. 2929.12. *Id.*

**Consideration of R.C. 2929.12 Sentencing Factors**

{¶11} Martinez-Rios first argues that his sentence is contrary to law because the trial court "disregarded R.C. 2929.12" and did not consider all relevant factors which mitigated or made his conduct less serious, including his age, lack of criminal history, and the victim's "inducement of this crime."

Case No. 2025-L-035

{¶12} The trial court indicated its consideration of R.C. 2929.12 at the sentencing hearing and in the sentencing entry. A sentencing court fulfills its duties under R.C. 2929.12 by stating that it considered it. *State v. Miller*, 2025-Ohio-339, ¶ 21 (11th Dist.). "A trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors." *State v. DelManzo*, 2008-Ohio-5856, ¶ 23 (11th Dist.). "[W]e will not presume the trial court failed to weigh certain factors merely because the trial court did not explicitly discuss each discrete factor." *State v. Davy*, 2024-Ohio-5550, ¶ 21 (11th Dist.). Further, although not required to do so, the court made findings on the record demonstrating its consideration of various factors, including the physical and mental harm to the victim and her age (R.C. 2929.12(B)) and Martinez-Rios' lack of a criminal record (R.C. 2929.12(E)).

{¶13} Martinez-Rios' concern with the court's weighing of the factors is an issue we cannot consider on appeal. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance" with R.C. 2929.12. *State v. Jones*, 2020-Ohio-6729, ¶ 42; *State v. Freshwater*, 2023-Ohio-1248, ¶ 10 (11th Dist.) ("[g]iven the holding in *Jones*, we are precluded from reviewing whether [the defendant's] sentence is supported by the record under R.C. 2929.12"). The weight to be given to Martinez-Rios' cultural background and age was an issue for the trial court to decide. For these reasons, we find no error in the application of R.C. 2929.12. *State v. Hoyle*, 2023-Ohio-3217, ¶ 16 (11th Dist.).

**Consideration of R.C. 2929.11**

{¶14} Martinez-Rios also argues that the court failed to consider R.C. 2929.11 and a prison sentence was not appropriate given that he is a non-violent, first time offender.

{¶15} "[T]he inclusion of language in a sentencing entry affirmatively stating that the court considered the purposes of sentencing set forth in R.C. 2929.11 defeats a claim that the trial court failed to consider those statutory guidelines." *State v. Russell*, 2020-Ohio-3243, ¶ 58 (11th Dist.). Here, the court both stated that it considered R.C. 2929.11 and explained the reasons for its sentence, including that it believed Martinez-Rios exhibited predatory behavior and caused harm to the victim. Again, *Jones* prohibits us from vacating a sentence "based on the lack of support in the record" for the trial court's findings under R.C. 2929.11. *Miller*, 2025-Ohio-339, at ¶ 16 (11th Dist.); *State v. Reed,* 2023-Ohio-1324, ¶ 17 (11th Dist.) (appellant's arguments "essentially ask this Court to do what it cannot do – review whether the record supported the trial court's decision to impose a prison term rather than a community control sanction"). Provided the trial court considers the appropriate factors, it has "full discretion to impose a sentence within the statutory range." *State v. Foti*, 2020-Ohio-439, ¶ 73 (11th Dist.). Martinez-Rios' sentences were within the range for fourth-degree felonies, which provides for a sentence of up to 18 months. R.C. 2929.14(A)(4).

{¶16} The sole assignment of error is without merit.

{¶17} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, sentencing Martinez-Rios to an aggregate prison term of 80 months for five counts of Unlawful Sexual Conduct with a Minor, is affirmed. Costs to be taxed against appellant.


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-L-035

For the reasons stated in the Opinion of this court, the assignment of error is without merit. The order of this court is that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH


_____
JUDGE MATT LYNCH,
concurs


_____
JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.